**Ex parte Peter Stuart MacCALLUM, Jr., Relator.**

**No. D–0749.**

Supreme Court of Texas.

May 1, 1991.

Pat Morris, Corpus Christi, for relator.

Michael P. O'Reilly, Corpus Christi, for respondent.

PER CURIAM.

This is an original habeas corpus proceeding. After an evidentiary hearing, the district court found relator Peter Stuart MacCallum, Jr. in contempt for failure to surrender possession of his two sons to his former wife on weekends during relator's extended period of summer possession. Because we find the court orders which relator is charged with violating to be lacking in the specificity required to support a judgment of contempt, relator's petition for writ of habeas corpus is granted.

Relator and his former wife, Mary Sue MacCallum, were divorced in October 1987. Mary Sue was appointed managing conservator of the MacCallums' two sons. Relator was appointed possessory conservator of the children and the decree provided for specific periods of possession. The original decree provided for extended summer visitation for a period of "45 days each year commencing on July 6 and ending on August 20." The decree further provided that Mary Sue surrender the children at the beginning of each period of possession at her home and required relator to return the children to Mary Sue at her home at the end of each period of possession. The decree also granted Mary Sue a "superior right" to possession of the children on the first and third weekends of each month during relator's summer possession, "except for one 21–day uninterrupted period."

Approximately one and one-half years later, the court entered an order clarifying the earlier decree. This order replaced the paragraph granting Mary Sue possession of the children during relator's extended period of summer possession in its entirety. It continued to provide Mary Sue with possession on the first and third weekends of each month during relator's extended period summer possession. The language providing relator a 21–day uninterrupted period from Mary Sue's weekend possession was replaced with language granting Mary Sue a 21–day uninterrupted period of possession commencing on the first Friday of June and ending on the twenty-first day thereafter.

 To support a judgment of contempt, the underlying decree must set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him. *Ex Parte Blasingame*, 748 S.W.2d 444, 446 (Tex.1988); *Ex Parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). A court order is insufficient to support a judgment of contempt if its interpretation requires inferences or conclusions about which reasonable persons might differ. *Id.* The orders which form the basis for the judgment of contempt in this case are far from clear and unambiguous.

Both the original divorce decree and clarifying order are silent regarding relator's obligation to surrender the children at any particular place at the beginning of Mary Sue's weekend possessions during relator's extended summer possession. The divorce decree requires relator to "return" the children to Mary Sue at her home at the "end"

of each period of possession. The period of summer possession granted relator in the divorce decree "ends" on August 20th of each year. It is undisputed that relator returned the children to Mary Sue at her home on August 20th.

■ Mary Sue urges us to interpret the language granting her weekend possession "commencing" on the first and third Friday of each month during relator's extended summer possession as in effect providing that relator's period of possession has come to an "end." Thus, Mary Sue contends relator had a clear obligation to deliver the children to her at her home at the beginning of her weekend possession. Under the circumstances we are unable to state that relator clearly had a duty to act in this manner.[1]

The divorce decree's provision granting relator an uninterrupted 21–day period of possession to take place at some time between July 6 and August 20 each year did not require that relator designate the specific 21–day period in any particular manner. The clarifying order deleted the uninterrupted 21–day period of possession for relator, instead granting Mary Sue an uninterrupted 21–day period of possession beginning on the first Friday in June. At the hearing on the motion for contempt Mary Sue admitted, albeit reluctantly, that it was intended that each party have a 21–day uninterrupted period during the summer to plan a vacation with the children.[2] She testified that when she inquired whether relator was going to "return" the children for her weekend possession, her son in-

formed her that relator's "21–day" period had not yet ended.

The trial court found that relator had failed to return the children to Mary Sue at her home on July 20, August 3, and August 17, 1990, as ordered in the divorce decree and subsequent clarifying order. The trial court assessed punishment of confinement for 21 days in the Nueces County jail for each violation, to be served concurrently. We cannot say that this decree and order impose a clear and unambiguous duty upon relator to return the children to Mary Sue at her home at the beginning of each period of her weekend possession during relator's extended summer possession. *See Ex Parte Brooks*, 604 S.W.2d 463, 466 (Tex. Civ.App.—Tyler 1980). Because the Final Decree of Divorce and Order Clarifying Final Decree of Divorce do not contain the requisite specificity, they are not enforceable by contempt. *Ex Parte Blasingame*, 748 S.W.2d at 446; *Ex Parte Slavin*, 412 S.W.2d at 45.

Pursuant to rule 122, Tex.R.App.P., a majority of the court grants relator's petition for writ of habeas corpus and, without hearing oral argument, orders relator discharged.

---

1. When a possession order is silent as to any obligation of the parties, the situation may be further complicated by the existence of the standard possession provisions of the Texas Family Code. Tex.Fam.Code Ann. § 14.033 (Vernon Supp.1991). The Texas Family Code provides an extended period of summer possession for a parent possessory conservator. During the extended period of possession the managing conservator may designate one or two weekends for possession of the children depending on the distance between the conservators' residences. However, to exercise this weekend possession, the managing conservator must pick the children up from and return them to the possessory conservator. Tex.Fam.Code Ann. § 14.033(e)(6) & (f)(5) (Vernon Supp.1991). When a decree is silent regarding the mechanics of its operation a party may easily be mislead into supplying the omitted terms from the Texas Family Code. It is interesting to note that Mary Sue has affirmatively resisted conforming the possession order in this case to the standard possession order provided under the code, stating that she prefers the current possession orders.

2. Mary Sue's frustration with this situation is understandable. The twenty-one day uninterrupted period designated for Mary Sue's benefit conflicts with Father's Day visitation granted to relator. According to her testimony, relator sought to have her held in contempt when she attempted to exercise her twenty-one day uninterrupted period due to the conflict with Father's Day.