**Mark SOSSI, Appellant,**

v.

**WILLETTE & GUERRA, a Texas Limited Liability Partnership, Appellee.**

**No. 13–04–095–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 18, 2004.

Mark Sossi, Law Office of Mark E. Sossi, Brownsville, attorney/appellant.

Alejandro J. Garcia, Law Offices of Frank Costilla, Brownsville, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

On June 27, 2002, appellee Willette & Guerra, a Texas law firm, filed suit against appellant Mark E. Sossi for monies that were paid to appellant while he was an attorney with Willette & Guerra. On December 30, 2003, appellant filed a motion titled "Defendant Mark E. Sossi's Motion to Consolidate Actions." The trial court denied appellant's motion. From that denial, appellant files this interlocutory appeal contending, by one issue, the trial court erred in denying his motion. We dismiss for lack of jurisdiction and impose sanctions.

### I. Appellant's Motion

In his December 30 motion, appellant sought consolidation pursuant to rule 174 of the Texas Rules of Civil Procedure, *see* Tex.R. Civ. Proc. 174, and asserted joinder pursuant to section 15.003 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.003 (amended by H.B. 4, § 3.03, 78th Leg., eff. Sept. 1, 2003).[1]

1. Section 15.003 of the Texas Civil Practices and Remedies Code was amended by House Bill 4, effective September 1, 2003. Because the present action was filed on June 27, 2002, references in this opinion to section 15.003, titled Multiple Plaintiffs & Intervening Plaintiffs, will be to the former section, which provided:

By his motion, appellant sought consolidation of appellee's case, *Willette & Guerra v. Sossi*, cause number 2002–06–2563–E, filed in Cameron County (the *W & G* case) with *Sorola v. Sossi*, cause number C–185–02–B, filed earlier in Hidalgo County (the *Sorola* case).[2] In the *W & G* case, appellee is seeking damages for appellant's alleged breach of fiduciary duty and conversion of funds. The attorneys' fees at issue in the *W & G* case have their basis in the settlement of a wrongful death action styled *Graciela Zamora, Individually, et al. v. ABB ASEA Brown Boveri (Holding) Ltd., et al.*, cause number 1999–04–001644–G (the *Zamora* case). In the *Zamora* case, appellee represented Schaefer Stevedoring, Inc., a company that had several employees who witnessed the accident that formed the basis of that lawsuit. The company, however, was not brought in as a defendant in the *Zamora* case. After the *Zamora* case settled and before the *W & G* case was filed, Louis S. Sorola, one of plaintiffs' attorneys in the *Zamora* case, filed suit against appellant in Hidalgo County. The *Sorola* case seeks a declaratory judgment that appellant did not have an attorney-client relationship with Graciela Zamora, a plaintiff in the *Zamora* case, and therefore owed Zamora no legal duty.[3]

(a) In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue. If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) *maintaining venue as to that plaintiff* in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

(b) An interlocutory appeal may be taken of a trial court's determination under Subsection (2) that:

(1) a plaintiff did or did not independently establish proper venue; or

(2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)-(4).

(c) An interlocutory appeal permitted by Subsection (b) must be taken to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal may be taken by a party that is affected by the trial court's determination under Subsection (a). The court of appeals shall:

(1) determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render judgment not later than the 120th day after the date the appeal is perfected.

(d) An interlocutory appeal under Subsection (b) has the effect of staying the commencement of trial in the trial court pending resolution of the appeal.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (amended by H.B. 4 § 3.03, 78th Leg., eff. Sept. 1, 2003.).

2. Before appellant filed this motion to consolidate, the trial court denied his motion to transfer the *W & G* case to Hidalgo County. The trial court's order denying appellant's motion to transfer venue is not before us in this interlocutory appeal.

3. Appellant also seeks consolidation of Graciela Zamora's intervention action, filed in the *W & G* case, into the *Sorola* case. However, after appellant filed his motion to consolidate, the trial court denied Zamora's petition for intervention. The order denying Zamora's intervention has not been challenged and is not at issue in this proceeding.

Appellant urged consolidation because both cases allegedly involve the same and/or significantly overlapping issues.

Appellant also urged joinder in his motion. Without more, appellant provided the following reasons for joinder:

[M]aintaining venue in Hidalgo County does not unfairly prejudice any party to this suit, Willette & Guerra, L.L.P.,['s] principal place of doing business is Hidalgo County, Texas, there is an essential need to have the person[']s claim tried in the county where the suit is pending and Hidalgo County is a fair and convenient venue for all parties.

## II.  Analysis

By his sole issue on appeal, appellant contends the court erred in denying his motion for joinder pursuant to section 15.003 of the civil practices and remedies code.  *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (amended by H.B. 4, § 3.03, 78th Leg., eff. Sept. 1, 2003).  Appellant argues he seeks to join and consolidate the *W & G* case and the earlier-filed *Sorola* case.  He seeks joinder of the parties and cases in the *Sorola* case which was first filed in Hidalgo County.  Appellant contends "[t]here is no disputing that all four elements required for joinder are met." He continues by asserting that joinder and intervention in the suit was proper under the Texas Rules of Civil Procedure, and that venue in Hidalgo County will not unfairly prejudice any party in the suit because appellee maintains an office in Hidalgo County.  Appellant asserts he has an indispensable need to have the matters determined by one court, which should be the court in which the first litigation was initiated.  He further argues he should not be required to defend separate actions, each of which allegedly involves identical facts and issues.  He argues that different

results could expose him to inconsistent judgments.

■ These arguments, however, are made in support of change of venue and consolidation, not joinder or intervention. The facts of this case do not support a different result.  While section 15.003 provides for an expedited interlocutory appeal of the trial court's venue determination in the multiple or intervening plaintiff context, *see id.* § 15.003(c), this appeal presents no issue regarding any determination by the trial court that an intervening plaintiff failed to independently establish venue. The only issue in this appeal is whether the trial court erred in denying the consolidation of the *W & G* case and the *Sorola* case.

Section 15.003 expressly allows an interlocutory appeal for only one purpose—to "contest the decision of the trial court *allowing or denying intervention or joinder.*" TEX. CIV. PRAC. & REM. CODE ANN. 15.003(c). . . . Similarly, the statute limits the reviewing court's inquiry to a single question—*"whether the joinder or intervention is proper."* *Id.* § 15.003(c)(1). . . . This language indicates that the legislative intent underlying section 15.003(c) was quite narrow: to permit a dissatisfied litigant to obtain speedy appellate review of a trial court's decision regarding whether certain plaintiffs may properly join in the suit. *Masonite Corp. v. Garcia,* 951 S.W.2d 812, 816 (Tex.App.-San Antonio 1997, orig. proceeding) (consolidated interlocutory appeal dismissed for lack of jurisdiction), *mand. granted on other grounds sub nom In re Masonite,* 997 S.W.2d 194, 199 (Tex.1999).

■ This Court has jurisdiction over an interlocutory appeal only when expressly provided by statute.  *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998).  If there is no statute specifically authorizing an interlocutory appeal, the Texas appel-

late courts have jurisdiction only over final judgments. *Id.; Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Appellant's contentions and arguments, and the facts of this case, make clear that he is not contesting any decision regarding joinder, the sole basis for a section 15.003(c) interlocutory appeal. *See Masonite Corp.,* 951 S.W.2d at 817; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (amended by H.B. 4, § 3.03, 78th Leg., eff. Sept. 1, 2003). Instead, appellant is contesting a decision regarding consolidation, a decision not subject to interlocutory appeal. *See* TEX.R. CIV. P. 174.

Finally, appellant argues that he seeks joinder of parties and urges us to look at the substance of the motion to determine the relief sought and not merely to its title. *See Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999). We have looked at the substance of the motion and have concluded appellant's arguments are those made in support of change of venue and consolidation, not joinder or intervention. In this case, the motion's title accurately reflects the substance of the motion.

Appellant's sole issue is overruled.

### III. Sanctions

■ Appellee has filed a motion requesting the imposition of sanctions against appellant for filing a frivolous appeal. Rule 45 of the rules of appellate procedure provides that:

> If the court of appeals determines that an appeal is frivolous it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages.

TEX.R.APP. P. 45. Appellee filed its motion for sanctions on June 4, 2004. This Court requested that appellant respond to the motion by June 14, 2004. No response has been filed.

■ "In determining whether sanctions are appropriate, we must decide whether [appellant] had a reasonable expectation of reversal or whether [he] pursued the appeal in bad faith." *Rivera v. Calvillo,* 986 S.W.2d 795, 799 (Tex.App.-Corpus Christi 1999, pet. denied). Additionally, "[t]he Texas Disciplinary Rules of Professional Conduct impose upon counsel the duty of candor toward the court." *Schlafly v. Schlafly,* 33 S.W.3d 863, 873 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a)(1) (a "lawyer shall not knowingly make a false statement of material fact or law to a tribunal"); TEXAS LAWYER'S CREED, Lawyer and Judge 6 ("I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage."); and TEXAS STANDARDS OF APPELLATE CONDUCT, Lawyer's Duties to the Court 4 (appellate counsel instructed not to "misrepresent, mischaracterize, misquote or miscite the factual record or legal authorities.")); *see generally* Douglas R. Richmond, *Appellate Ethics: Truth, Criticism, and Consequences,* 23 REV. LITIG. 301 (2004). "The duty of honesty and candor a lawyer owes to the appellate court, includes fairly portraying the record on appeal. Misrepresenting the facts in the record not only violates that duty but subjects offenders to sanctions." *Schlafly,* 33 S.W.3d at 873. "Failure to observe these very basic standards of appellate practice erodes the ethical standards on which the legal profession and the appellate process are based." *Id.* at 874.

In this case, the notice of appeal titled "Notice of Interlocutory Appeal," represented that appellant was appealing from an order denying his motion for joinder in a civil action, pursuant to civil practice and remedies code section 15.003(c). In his docketing statement, appellant set out that

the trial court denied his motion for joinder with the *Sorola* case and that the issue on appeal was one of consolidation and joinder. No order was attached to appellant's docketing statement. Appellant's brief was also filed with no appendix. Thus, a copy of the trial court's order denying his consolidation motion was not included as required by appellate rule 38.1(j)(1)(A).[4] Tex.R.App. P. 38.1(j)(1)(A). In its motion for sanctions, appellee asserts that, after receiving appellant's notice of appeal, appellee pointed out to appellant the frivolous nature of his appeal and urged him to reconsider and dismiss the appeal. When appellant did not respond to that request, appellee filed its docketing statement and response brief, wherein it asserted that this Court lacked appellate jurisdiction.

In light of the provisions of the Texas Civil Practice and Remedies Code pertaining to interlocutory appeals, the supporting case law, the facts of the case, appellant's own contentions and arguments made on appeal, and his misrepresentations regarding the nature of this appeal, we cannot conclude that appellant had any reasonable expectation that this Court would assume jurisdiction of the appeal. *See Rivera*, 986 S.W.2d at 799. Moreover, appellant, who has mischaracterized the nature of the appeal as an interlocutory appeal, which requires that judgment be rendered not later than the 120th day after the date of the perfection of the appeal, has imposed a hardship on this reviewing Court and its staff, as well as on other appeals pending before this Court. *See Schlafly*, 33 S.W.3d at 873. We conclude appellant's actions subject him to sanctions. *See id.*

Appellee has filed the affidavit of Alejandro J. Garcia, an attorney who was retained as appellate counsel for appellee in this case. Garcia states that the amount of attorney's fees incurred in responding to this appeal is $4,600. Accordingly, we award appellee, as just damages for having to respond to this frivolous appeal, attorneys' fees in the amount of $4,600. *See* Tex.R.App. P. 45.

### IV. Conclusion

We conclude section 15.003(c) does not allow for an interlocutory appeal in this case, and thus we lack appellate jurisdiction. Appellee urges this Court to dismiss this appeal pursuant to Texas Rule of Appellate Procedure 42.3(a). *See* Tex.R.App. P. 42.3(a) (on any party's motion appellate court may dismiss appeal if appeal is subject to dismissal for want of jurisdiction). Accordingly, we dismiss this appeal for want of jurisdiction.

Furthermore, the motion for sanctions is granted. Mark E. Sossi is ordered to pay Willette & Guerra, on or before July 9, 2004, the sum of $4,600.

---

4. We note that as of the date of this opinion, appellant has not yet filed his appendix with this Court although multiple requests have been made for him to do so.