NUMBER 13-06-684-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


AMADOR D. HINOJOSA, Appellant,


v.
 


MARY E. HINOJOSA, Appellee.

 



On appeal from the 214th District Court 

of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela




 This appeal arises from an objection to an order of clarification issued by the trial
court in response to claimed ambiguities in the final decree of divorce between
appellant, Amador D. Hinojosa, and appellee/former wife, Mary E. Hinojosa. By one
issue, Amador argues that the trial court abused its discretion by entering a
clarification of the parties' final decree of divorce that substantively altered the division
of property not originally awarded in the decree. Specifically, Amador asserts that
substantive changes exist a) in the imposition of a deed of trust on appellant's
separate property, b) in the division of the $18,000 money judgment to Mary as
reimbursements, and c) in awarding post-judgment interest on the money judgment
above. Mary urges that Amador filed a frivolous appeal and requests associated
damages. We affirm the judgment of the trial court and deny Mary's motion for
sanctions.

Background

 Amador and Mary's divorce decree was signed on April 26, 2004. The
relevant provisions of the final decree provided: 

 1. The home located on Fawn Ridge Drive is confirmed as the separate
property of Amador Hinojosa.

 

 2. Consistent with the Rule 11 Agreement between the parties, Mary is 
awarded a $4,000 money judgment against Amador, to be paid in
installments of $1000 every 90 days beginning on or about July 23,
2004.

 

 3. The Court awards Mary an $18,000 money judgment against
Amador, to be paid in monthly installments of $500 beginning on the first
day of the month following the final payment of the $4,000 money
judgment.

 

 4. The $18,000 money judgment is secured by a Deed of Trust to be
executed and delivered by Amador to Mary within ten days of signing the
final decree of divorce.


 Neither party appealed the divorce decree. Amador later filed for bankruptcy. 
Counsel for Mary informed the trial court that the federal bankruptcy court requested
a clarification of Mary's $18,000 money judgment and security interest in the Fawn
Ridge property. The bankruptcy court allowed Mary to proceed with a motion for
clarification and to obtain a deed of trust for the security interest. 

 Thereafter, Mary filed a Motion for Clarification of Prior Order regarding the
provisions above. The trial court granted a clarification order on November 13, 2006. 
The clarification order's relevant provisions provided:

 1. Mary is awarded an $18,000 security interest in the Fawn Ridge
residence, payable in accordance with the terms of the decree to be
executed with interest at six percent per year compounded annually from
the date of judgment.


 2. Amador shall pay to Mary $8,000 representing reimbursement of the
down payment for the purchase of the Fawn Ridge property awarded to
Amador as his separate property . . .


 3. And $10,000 representing reimbursement of the monthly mortgage
payments made toward the Fawn Ridge property awarded to Amador as
his separate property. 


 4. This amount ($18,000) is not inclusive of the $4,000 agreed to as a
money judgment pursuant to a Rule 11 Agreement entered into by the
parties.


 Amador appeals the clarification order claiming that it substantively alters the
allocations in the divorce decree contrary to Chapter 9 of the Texas Family Code,
which, in part, allows for a clarification order only when the division of property is
ambiguous. Tex. Fam. Code Ann. § 9.008 (Vernon 2006). 

Standard of Review

 Whether a divorce decree is ambiguous or sufficiently vague, and therefore in
need of clarification, is a question of law that we review de novo. Wright v. Eckhardt,
32 S.W.3d 891, 894 (Tex. App.-Corpus Christi 2000, no pet.). A decree is
ambiguous if it is not specific enough to be enforceable by contempt. (1) More precisely,
ambiguity exists when the document is uncertain, doubtful, or reasonably susceptible
to more than one meaning. McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 131
(Tex. App.-Houston [14th Dist.] 2004, no pet.).

 The division of property in a divorce action is subject to an abuse of discretion
standard. Bell v. Bell, 513 S.W.2d 20, 22 (Tex. 1974). Because trial courts are given
wide discretion in the division of property, appeals courts will reverse only where there
is a clear abuse of discretion. Id.; Ridgell v. Ridgell, 960 S.W.2d 144, 147 (Tex.
App.-Corpus Christi 1997, no pet.). A clear abuse of discretion exists only if the
division of the marital estate is manifestly unjust and unfair. Ridgell, 960 S.W.2d at
147.

Analysis

 Appellant Amador raises one issue on appeal: the trial court abused its discretion
in clarifying the final decree of divorce because such clarification made a substantive
change to the decree in violation of chapter 9 of the Family Code.

 In clarifying and enforcing decrees of divorce, the court is limited to assisting in the
implementation of the substantive division of property, and may not alter or change such
division. Tex. Fam. Code Ann. § 9.007(a) (Vernon 2006). It may also "specify more
precisely the manner of effecting the property division previously made . . . ." Id. § 9.006(b)
(Vernon 2006). If the court does amend, modify, alter, or change the property division
from the final divorce decree, its order is unenforceable. Id. § 9.007(b). "A proper
clarification order is consistent with the prior judgment and 'merely enforces by appropriate
order the controlling settlement agreement.'" Wright, 32 S.W.3d at 894 (quoting Young v.
Young, 810 S.W.2d 850, 851 (Tex. App.-Dallas 1991, writ denied)). 

I. Ambiguity

 As stated above, ambiguities arise when "the division of property is not specific
enough to be enforceable by contempt;" as such, "the court may render a clarifying order
setting forth specific terms to enforce compliance with the original division of property." 
Tex. Fam. Code Ann. § 9.008(b). Here, the issue of ambiguity was first raised by the
federal bankruptcy court, which modified a stay of its proceedings. The decree of divorce
was, at minimum, vague in that it ordered a deed of trust from Amador without specifying
to what property the deed was to attach. Also, the $18,000 money judgment awarded to
Mary lacked clarity because it did not define how that amount came to be or for what in
particular it was awarded. Put simply, the decree was sufficiently vague to warrant a
clarifying order and was especially necessitated by the bankruptcy court's stayed
proceedings, which awaited an adequately clear divorce decree to continue. 

II. Comparison between Decree of Divorce and Clarification

 It is helpful to outline what relevant clarificationsthat Amador claims are
modificationsthe trial court made to the divorce decree. First, the court specified in the
clarification order that the $18,000 money judgment awarded to Mary was a security
interest in the residence on Fawn Ridge Drive, and that Amador was to issue Mary a deed
of trust for that security interest. The original decree of divorce did not make these
specifications, but only laid out the payment procedure for the $18,000 money judgment,
including an unspecific order that Amador give Mary a deed of trust.

 Second, the clarifying order, unlike the divorce decree, divided the $18,000 money
judgment in two, defining $8,000 as a reimbursement to Mary for the down payment to the
Fawn Ridge property and $10,000 as a reimbursement for monthly mortgage payments
made toward the same property. This did not alter the substance of the original decree;
rather, it clarified how the court reached the sum of $18,000 as a money judgment.

 Third, while the divorce decree made no mention of interest on the money judgment,
the clarifying order assigned an annually compounded interest of six percent. 



III. Appellant's Claims of Prohibited Substantive Changes

 A. Deed of Trust on Amador's Separate Property

 Requiring a deed of trust on the Fawn Ridge residence, Amador's separate property,
does not substantively amend the divorce decree. Amador raises three connected
arguments otherwise: 1) that issuing a deed of trust on his separate property changes the
distribution of the marital properties originally awarded in the final decree of divorce, and
therefore changes his obligations; 2) that this clarification gave more property rights to
Mary than first allocated, affecting the confirmation of his separate property as, indeed,
separate; and 3) that while the courts have wide discretion in the division of marital estates,
that discretion does not extend to divesting a spouse of his or her separate property.

 Amador mistakes the purpose of the deed of trust as a transfer in property interest. 
A deed of trust, similar to a mortgage, acts as a security for an obligation, generally a debt. 
See Starcrest Trust v. Berry, 926 S.W.2d 343, 351 (Tex. App.-Austin 1996, no writ). It
does not, however, effectuate a transfer of property. Rather, it guarantees payment to
Mary in the event that Amador defaults on his obligations to reimburse her. See
Successors to Interest of Rea-Glass, Inc. v. Allied Corp., 704 S.W.2d 387, 389 (Tex.
App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). The deed of trust attached to the Fawn
Ridge property because it appears that that is the only property Amador owns with a value
large enough to cover the $18,000 money judgment.

 Amador's obligation to pay the money judgment remains the same, irrespective of
how and to what the deed of trust applies. Because there is no transfer (physical or by
title), the Fawn Ridge residence persists as his separate property. Although Amador is
correct in asserting that the trial court's discretion does not extend to divesting a spouse
of his separate property, Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977),
Mary only has a security interest secured by a deed of trust without any right of possession
or ownership. The deed of trust simply "assist[s] in the implementation of . . . the prior
order" to guarantee Amador pays the money judgment, Tex. Fam. Code Ann. § 9.007(a);
see also id. § 9.006(a), and does not serve to convert or divest him of his separate
property.

 B. Reimbursement

 The court did not act contrary to chapter 9 of the Family Code when specifying that
the $18,000 money judgment awarded to Mary was for reimbursements. Amador contends
that because Mary did not make any arguments toward or present any evidence of award
for reimbursement, and because it was not mentioned in the divorce decree, the trial court
abused its discretion by incorporating such language into the clarification order. 

 The discretion allowed the trial court in evaluating claims of reimbursement is just
as broad as its discretion in the division of marital property. See Tex. Fam. Code Ann. §
7.007 (b)(2) (Vernon 2006); see also Penick v. Penick, 783 S.W.2d 194, 198 (Tex. 1988);
Kimsey v. Kimsey, 965 S.W.2d 690, 701 (Tex. App.-El Paso 1998, pet. denied). The
Texas Supreme Court also held that "the payment by one marital estate of the debt of
another creates a prima facie right of reimbursement." Penick, 783 S.W.2d at 196.

 It does not appear that the trial judge's clarification of reimbursement was manifestly
unjust and unfair as required for abuse of discretion. At the divorce hearing, the court
found that the $8,000.00 Mary gave Amador for the down payment of the Fawn Ridge
property (in Amador's name) was not a gift, and she was therefore entitled to
reimbursement. The court also found that Mary paid $10,000 toward the monthly
mortgage payments of the same property, which also created a "prima facie right of
reimbursement." Id. 

 More so, defining the money judgment as two reimbursements does not
substantively change the division of marital property because the requirement to pay the
money judgment remains the same, including the amount and method of payment. See
Able v. Able, 725 S.W.2d 778, 779 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.)
(holding that "the trial court merely interpreted certain language of the divorce decree
awarding appellee reimbursement for a liability assigned to appellant under the language
of the decree" even though "reimbursement" was not explicitly referenced in the final
decree). Even if there was a significant change in the order, such as the method of
payment, it would still not constitute a modification of Amador's liability, but instead be part
of the enforcement as "an order to assist in the implementation of . . . the prior order." 
McLaurin v. McLaurin, 968 S.W.2d 947, 950 (Tex. App.-Texarkana 1998, no pet.) (quoting
Tex. Fam. Code Ann. § 9.007(a)). Hence, this specification of the $18,000 money
judgment merely clarified what was already in the decree of divorce.

 C. Post-judgment Interest

 The imposition of post-judgment interest in the clarification order does not constitute
a substantive change from the divorce decree. Amador maintains that the addition of six
percent interest (2) in the clarification order is a substantive alteration prohibited by the Family
Code. 

 Post-judgment interest is not and could not be an amendment to a money judgment
in a decree of divorce. The interest is automatic and required by statute, even if not
specifically awarded or narrated in the judgment. See Tex. Fin. Code Ann. § 304.001
(Vernon 2006); Staff Indus., Inc. v. Hallmark Contracting, Inc., 846 S.W.2d 542, 551 (Tex.
App.-Corpus Christi 1993, no writ); see also El Universal, Compania Periodistica Nacional,
S.A. de C.V. v. Phoenician Imports, Inc., 802 S.W.2d 799, 804 (Tex. App.-Corpus Christi
1990, writ denied). Further, the Texas Supreme Court has held that "interest accrues
automatically once a court renders its judgment." Office of Attorney Gen. of Tex. v. Lee,
92 S.W.3d 526, 528 (Tex. 2002). Thus, even though the divorce decree does not mention
post-judgment interest for the money judgment awarded to Mary, it does not constitute a
substantive change in the clarification because, statutorily, interest is inherent in a money
judgment.

IV. Appellee's Motion for Sanctions

 The court rejects Mary's assertion that Amador filed a frivolous appeal. An appeal
is not frivolous if, when the court considers on an objective basis the record, briefs, or other
papers filed in the court of appeals, the appellant reasonably expected reversal. Tex. R.
App. P. 45; Sossi v. Willette & Guerra, LLP, 139 S.W.3d 85, 89 (Tex. App.-Corpus Christi
2004, no pet.). Amador asserted arguments here that appear to be earnestly raised. 
Because Amador's appeal was not frivolous, the court denies Mary's requested damages.

Conclusion

 We conclude that the clarification order did not substantively amend, modify, alter,
or change the division of property allocated in the decree of divorce. Accordingly, we affirm
the trial court's judgment.



 

 

 ROSE VELA

 Justice



Memorandum Opinion delivered and 

filed this 5th day of July, 2007.

1. The Texas Supreme Court detailed the requirements of enforceability by contempt:


 To support a judgment of contempt, the underlying decree must set forth the
terms of compliance in clear, specific, and unambiguous terms so that the person
charged with obeying the decree will readily know exactly what duties and obligations
are imposed upon him. A court order is insufficient to support a judgment of contempt
if its interpretation requires inferences or conclusions about which reasonable persons
might differ.


Ex parte MacCallum, 807 S.W.2d 729, 730 (Tex. 1991) (per curiam) (citations omitted).
2. Section 304.003 of the Texas Finance Code states that the post-judgment interest rate on a
money judgment is the prime rate published by the Board of Governors of the Federal Reserve System
at the time of the judgment. While the clarifying order indicated a rate of 6% interest compounded
annually, the actual prime interest rate at the time of the final decree of divorce was 4%. The Federal
Reserve Board, Selected Interest Rates, http://www.federalreserve.gov/releases/h15/ (last visited June
8, 2007). However, because Amador did not plead this discrepancy of the rate in his appellate brief,
the error is not preserved. See PSB, Inc. v. LIT Indus. Tex. Ltd. P'ship, 216 S.W.3d 429, 436 (Tex.
App.Dallas 2006, no pet. h.).