COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-335-CV

IN THE INTEREST OF A.M., 

A CHILD 

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Maureen M. appeals the trial court’s order clarifying a prior possession or access order.  We reverse and remand.

In 2002, a New York family court entered an order granting Katharine M. sole custody of her son, A.M., and granting A.M.’s maternal grandmother, Maureen M., four visitation periods per year.  Specifically, the order provided the following visitation schedule:

ORDERED, that three of the four visits will take place in the Dallas, Texas area, and it is further

. . . .

ORDERED, that two of the visits in the Dallas, Texas area will be of a four day duration and will include at least one overnight visit as can be agreed, and the return time during the non overnight visit time will be 9:00 p.m. on nights where there is no school the next day and 7:30 p.m. if there is school the next day and it is further

ORDERED, that of the three visits in the Dallas, Texas area, one visit will be of a one week duration and will include two non-consecutive overnights with the return time on the non overnight days to be 9:00 p.m. on nights where there is no school the next day and 7:30 p.m. if there is school the next day and it is further

ORDERED, that one of the four yearly visits will take place in the Buffalo, New York area . . . and it is further

ORDERED, that the visit in the Buffalo, New York area will be of a minimum four day duration and will include at least one overnight visit and the return time on days of a non overnight visit will be 9:00 p.m. on nights where there is no school the next day and 7:30 p.m. if there is school the next day and it is further

. . . .

ORDERED that all visits will be made upon at least 30 days notice by the party that will be traveling from out of town . . . . 

Both parties have since moved to Texas.    

In 2005, Maureen registered the New York order in Denton County and moved to enforce the order, claiming that Katharine had failed to provide Maureen with visitation, access, and contact information.  Maureen
 sought to have Katharine held in contempt for violating the New York order and, alternatively, asked the trial court to enter a clarifying order if it found the New York order to be unenforceable by contempt.
(footnote: 2) 

After hearing evidence, the trial court ruled that the New York order was not specific enough to be enforceable by contempt and
 signed a clarification order on July 5, 2006, from which Maureen appeals.
(footnote: 3)  The pertinent provisions of the clarifying order are as follows:

(c) Possession Schedule

Except as otherwise explicitly provided in this Possession Order Maureen [M.] shall have the right to possession of the child as follows:

1.  Four periods of possession shall take place each calendar year upon thirty days written notice to Katharine [M.] beginning Saturday at 9:00 a.m. and ending on the following Sunday at 6:00 p.m. during the school year and beginning Friday at 9:00 a.m. and ending on the following Sunday at 6:00 p.m. during the summer with the exception of Christmas vacation, Thanksgiving vacation, and Mother’s Day weekend not to exceed more than one period of possession a month. 

(d) General Terms and Conditions

Except as otherwise explicitly provided in this Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a conservator and the child are as follows:

1.  Surrender of Child by Katharine [M.] – Katharine [M.] is ORDERED to surrender the child to Maureen [M.] at the beginning of each period of Maureen [M.]’s possession at the Lewisville Police Department located at 184 North Valley Parkway, Lewisville, Texas 75067.

2.  Surrender of Child by Maureen [M.] – Maureen [M.] is ORDERED to surrender the child to Katharine [M.] at the Lewisville Police Department, located at 184 North Valley Parkway, Lewisville, Texas 75067, at the end of each period of possession.

In two issues, Maureen contends that the trial court abused its discretion in issuing the clarifying order because the New York order
 for possession and access to A.M. was specific, unambiguous, and enforceable by contempt.  She further contends that the clarification order substantively changed her possession and visitation rights in a manner prohibited under the Texas Family Code.

Under the Full Faith and Credit Clause of the United States Constitution, Texas courts must recognize and enforce facially valid orders entered in other states.
(footnote: 4)  A foreign order is subject to the same procedure for enforcement as if it originated in a Texas court.
(footnote: 5)  Texas courts “may clarify” such an order under section 157.421(a) of the family code if “the order is not specific enough to be enforced by contempt
.”
(footnote: 6)  

To be enforceable by contempt in Texas, a judgment or order must set out the requirements for compliance in clear, specific, and unambiguous terms.
(footnote: 7)  
Ambiguity exists when a document is uncertain or reasonably susceptible to more than one meaning.
(footnote: 8)  Ambiguities may exist in an order as drafted or may be created by the passage of time and the parties’ subsequent actions.
(footnote: 9) 
 

In clarifying a final order pursuant to section 157.421(a) to make it enforceable by contempt, however, a court may not make substantive changes to the order.
(footnote: 10)  Under section 157.423(b) of the family code, “a substantive change made by a clarification order is not enforceable.”
(footnote: 11)  

When reviewing a clarification order to determine whether changes made by the trial court to an order constitute a “substantive change” within the meaning of section 157.423(b), we may look to principles governing similar proceedings.
(footnote: 12)  Like clarification orders, judgments nunc pro tunc cannot substantively change a final order.
(footnote: 13)  A substantive change occurs when a judicial error is corrected because such an error results from judicial reasoning and determination.
(footnote: 14)  However, “[w]henever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product of judicial reasoning is not involved.”
(footnote: 15)  The correction of a clerical error, therefore, does not effect a substantive change.
(footnote: 16)  Whether an error is clerical or judicial is a question of law.
(footnote: 17)
 In this case, the trial court concluded that the visitation and possession provisions of the New York order are ambiguous and, therefore, not enforceable by contempt.  We agree.  The New York order provides that Maureen will have four visits per year with A.M. of different durations ending at 9:00 p.m. “where there is no school the next day,” and at 7:30 p.m. on evenings preceding a school day.  The order, however, does not specify a beginning time for the visits, nor does it contain provisions for the surrender of A.M. before and after visits.
  Moreover, while the New York order contemplates that the parties “will endeavor to work out a summer and Christmas time visit in the year 2002,” it provides no schedule for such visits after 2002.  Because the New York order’s requirements for visitation and surrender of A.M. are vague, unclear, and ambiguous, we hold that the trial court did not abuse its discretion in attempting to clarify these portions of the New York order.  Maureen’s first issue is overruled.

In attempting to clarify the order, however, the trial court made changes that substantially reduced Maureen’s visitation time with A.M. 
 
Under the New York order, Maureen had a minimum of nineteen days of visitation each year, and she was allowed to visit A.M. during the Christmas and Thanksgiving holidays on notice to Katharine.  The trial court’s clarifying order, however, gives Maureen only eight to twelve days of possession each year—depending upon whether the visits occur during the school year or during the summer—and it does not allow visitation during the Christmas and Thanksgiving holidays.
  We hold that these are substantive changes
 to the New York order that are prohibited by section 157.423(b) of the family code.  We, therefore, hold 
that the
 trial court abused its discretion in making such changes to the New York order.
(footnote: 18) 
 Maureen’s second issue is sustained.

For these reasons, the judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  September 13, 2007 
 

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Maureen also sought more regular visitation with A.M., extra visitation to make up for time missed, and attorney’s fees. 

3:
After the case was submitted for our consideration, we ordered the parties to mediate the dispute.  The mediation, however, was unsuccessful. 

4:
Mitchim v. Mitchim
, 518 S.W.2d 362, 364 (Tex. 1975); 
In re G.L.A.
, 195 S.W.3d 787, 793 (Tex. App.—Beaumont 2006, pet. denied);
 see
 
U.S. Const.
 art. IV, § 1 (“
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.”). 

5:
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 35.001, 35.003 (Vernon 1997) (providing together that a filed foreign order has the same effect and is subject to the same procedures for enforcing as a judgment of the court in which it is filed).

6:
Tex. Fam. Code Ann.
 § 157.421(a) (Vernon 2002); 
see In re A.C.B.
, 103 S.W.3d 570, 577 (Tex. App.—San Antonio 2003, no pet.).

7:
E.g.
,
 Ex parte Brister
, 801 S.W.2d 833, 834 (Tex. 1990); 
Ex parte Reese
, 701 S.W.2d 840, 841–42 (Tex. 1986); 
Ex parte Slavin
, 412 S.W.2d 43, 44 (Tex. 1967).

8:
Ex parte MacCallum
, 807 S.W.2d 729, 730 (Tex. 1991).

9:
See Slavin
, 412 S.W.2d at 43–45.

10:
Tex. Fam. Code Ann. 
§ 157.423(a).  

11:
Id.
 
§ 157.423(b); 
A.C.B.
, 103 S.W.3d at 577.

12:
Dickens v. Willis
, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.) (noting that we may look to judgments nunc pro tunc to illuminate the meaning of the words “substantive change” in section 157.423 of the family code); 
see In re Mack
, No. 02-07-00123-CV, 2007 WL 1776057, at *1 (Tex. App.—Fort Worth June 20, 2007, no pet.) (mem. op.) (noting that a nunc pro tunc entry may be made to correct a judgment to reflect the trial court’s actual ruling but not to modify provisions of a previous order or correct a judicial error); 
In re Hamilton
, 975 S.W.2d 758, 762 (Tex. App.—Corpus Christi 1998, pet. denied) (holding that the trial court’s order properly clarified party’s obligations and corrected erroneous entry of an unenforceable order)
.

13:
Hamilton
, 975 S.W.2d at 762; 
Dickens
, 957 S.W.2d at 659.

14:
Dickens
, 957 S.W.2d at 659.

15:
Id.
 (quoting 
Nolan v. Bettis
, 562 S.W.2d 520, 522 (Tex. Civ. App.—Austin 1978, no writ)).

16:
Id.

17:
Mack
, 2007 WL 1776057, at *1; 
Dickens
, 957 S.W.2d at 659.

18:
See
 Tex. Fam. Code Ann. 
§ 157.423(b); 
Dikeman v. Snell
, 490 S.W.2d 183, 185–87 (Tex. 1973) (holding nunc pro tunc order that called for a fence to be built, as did original order, but also changed several specifications of the fence, such as its thickness, building material, and direction was void because it sought to readjudicate or correct judicial error); 
In re Marriage of McDonald
, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied) (setting out abuse of discretion standard of review for clarifying orders); 
A.C.B.
, 103 S.W.3d at 578 (reversing clarification order that awarded one party additional relief not contained in original order).