TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00463-CV






David Holubec and Mary Holubec, Appellants


v.


Carl Brandenberger, Individually and as Next Friend of Payton Brandenberger,

Carson Brandenberger, and McKenna Brandenberger; Kathy Brandenberger;

and First Mason II, Ltd., Appellees






FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT

NO. 1998084, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 The issue in this appeal is the scope of a permanent injunction restraining
the Holubecs' sheep-farming activities. (1) Appellees Carl Brandenberger (individually and as
next friend of Payton Brandenberger, Carson Brandenberger and McKenna Brandenberger),
Kathy Brandenberger, and First Mason II, Ltd. sued appellants David and Mary Holubec for
nuisance, negligence, and trespass stemming from the Holubecs' operation of a sheep feedlot in
close proximity to the Brandenbergers' home.

 Following the Supreme Court's opinion in Holubec I, the trial court entered a
permanent injunction that prohibited the Holubecs from engaging in sheep farming activities
within 1,000 feet of the boundary line with the Brandenbergers' property. See generally Holubec
v. Brandenberger, 111 S.W.3d 32 (Tex. 2003). In addition, the Holubecs were instructed to take
affirmative action to remove all feeders, pens, sheds, water troughs, wire fencing, and overhead
lights from the ten-acre feedlot area in dispute.

 In Holubec II, this Court found the language of the trial court's permanent injunction
to be overly broad, and we issued instructions to the trial court to reform the injunction:

 consistent with the evidence adduced at trial in a manner that (1) does not enjoin
appellants from constructing and operating a feedlot in the northwest corner of their
property in an area that the parties did not dispute at trial would constitute an
acceptable site, and (2) does not require appellants to take affirmative action that
would amount to curtailing pre-November 1996 levels of sheep farming activity on
the ten-acre feedlot site.

Holubec v. Brandenberger, 214 S.W.3d 650, 659 (Tex. App.--Austin 2006, no pet.).

 On remand, the trial court entered an injunction identical to the injunction at issue in
Holubec II, except that (1) the trial court added the following language:

 Provided, however, that regardless of the 1000 ft. limitation, described above, this
injunction shall not enjoin the Defendants from constructing and operating a feedlot
in the Northwest corner of Defendants' property in an area that the parties did not
dispute at trial would constitute an acceptable site[;]

and (2) the trial court amended its affirmative instructions as to the ten-acre feedlot site to require
removal of all feeders, pens, sheds, water troughs, wire fencing, and overhead lights only to the
extent that those items did not exist prior to November 1996.

 The Holubecs argue that, even with the addition of this limiting language, the
permanent injunction remains overly broad and, moreover, that the prohibitory provisions now
conflict with the trial court's affirmative instructions. According to the Holubecs, the amended
injunction

 require[s] an excessive removal of feeders and pens that prevent[s] the Holubecs
from maintaining pre-1996 sheep farming levels, and severely limit[s] the Holubecs'
discretion in relocating the feedlot.

In response, the Brandenbergers argue that the injunction is not overly broad but, rather, reflects
the trial court's resolution of disputed factual issues, including the dispute as to what pre-November 1996 levels of sheep-farming activities were. Because we find that the injunction, as
written, is consistent with the language set out in Holubec II, see id., we hold that the injunction is
not overly broad.

 Contrary to the Brandenbergers' assertions, however, the trial court made no factual
determination as to the level of pre-1996 sheep-farming activities conducted on the ten-acre tract. 
Rather, in its first order, following remand by the Supreme Court in Holubec I, the trial court entered
a broad injunction prohibiting all sheep-farming activities on certain areas of the Holubecs' land,
including areas not at issue in the lawsuit. In the trial court's second order, following remand by
this Court in Holubec II, although the trial court added language that would purportedly allow pre-November 1996 levels of sheep farming, it made no determination as to what those levels were.

 In support of their contention that the amended injunction resolves the disputed
factual issues, the Brandenbergers point to:

that portion of the trial court's judgment which prohibits the operation of a feedlot
and the confinement of animals in what used to be the Brushy Trap in greater
numbers than can sustain themselves on the crops and forage produced in such area
in the normal growing season [and] does not curtail Appellants' pre-November 1996
levels of sheep farming activity on the 10 acres in question.

According to the Brandenbergers, this prohibition amounted to a finding, in the exercise of the
trial court's discretion, that they--the Brandenbergers--were telling the truth in light of conflicting
evidence. The Brandenbergers presented evidence that, prior to 1996, the area in question was not
used as a feedlot. Rather, it was a brushy patch with mesquite and agarita on which neighbors would
occasionally see sheep. The Holubecs presented evidence, through the testimony of David Holubec,
that, prior to 1996, they had 27 feeders on the ten-acre site that would accommodate 100 to 120
head of sheep each. The evidence presented, the Brandenbergers contend, created a conflict that the
trial court resolved through its prohibition on sheep "in greater numbers than can sustain themselves
on the crops and forage produced in such area in the normal growing season."

 However, even accepting the Brandenbergers' assertion that the trial court did not
find David Holubec's testimony credible and that "[t]he evidence supports a determination that prior
to November, 1996, the Brushy Trap was used as pasture land for sheep and was not a feedlot," there
is neither evidence nor a finding as to how or in what quantities sheep were kept on the disputed ten-acre area prior to November 1996. Evidence that the ten-acre area was not used as a feedlot or that
neighbors only occasionally saw sheep does not support a determination that, prior to 1996, sheep
were sustained only on "the crops and forage produced in the normal growing season."

 Although we hold that the injunction, as written, is consistent with the language
set out in Holubec II, see id., we note that the level of pre-November 1996 sheep farming that the
Holubecs conducted on the approximately ten-acre tract adjacent to the Brandenbergers' land is an
evidentiary issue that has not yet been determined in the first instance by the trial court. Our ruling
in this case is with respect to the complaint that the amended injunction is overly broad or self-referentially inconsistent. We express no opinion in this case as to any other aspect of the
injunction's enforceability. See, e.g., Ex parte MacCallum, 807 S.W.2d 729, 730 (Tex. 1991) (to
be enforceable by contempt, the terms of injunction must be clear, specific, and unambiguous, and
set out in reasonable detail the duties and obligations imposed); Ex parte Balsingame, 748 S.W.2d
444, 446-47 (Tex. 1988) (same); IAC, Ltd. v. Bell Helicopter Textron, Inc., 160 S.W.3d 191, 201-02
(Tex. App.--Fort Worth 2005, no pet.) (same).

 Affirmed.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson;

 Concurring Opinion by Justice Henson

Affirmed

Filed: December 31, 2009
1. Detailed versions of the factual and procedural history of the underlying lawsuit are
available at Holubec v. Brandenberger, 111 S.W.3d 32 (Tex. 2003) ("Holubec I"), and Holubec
v. Brandenberger, 214 S.W.3d 650 (Tex. App.--Austin 2006, no pet.) ("Holubec II").