# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-07-00463-CV

---

**David Holubec and Mary Holubec, Appellants**

**v.**

**Carl Brandenberger, Individually and as Next Friend of Payton Brandenberger, Carson Brandenberger, and McKenna Brandenberger; Kathy Brandenberger; and First Mason II, Ltd., Appellees**

---

**FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT NO. 1998084, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The issue in this appeal is the scope of a permanent injunction restraining the Holubecs' sheep-farming activities.[1] Appellees Carl Brandenberger (individually and as next friend of Payton Brandenberger, Carson Brandenberger and McKenna Brandenberger), Kathy Brandenberger, and First Mason II, Ltd. sued appellants David and Mary Holubec for nuisance, negligence, and trespass stemming from the Holubecs' operation of a sheep feedlot in close proximity to the Brandenbergers' home.

Following the Supreme Court's opinion in *Holubec I*, the trial court entered a permanent injunction that prohibited the Holubecs from engaging in sheep farming activities

---

[1] Detailed versions of the factual and procedural history of the underlying lawsuit are available at *Holubec v. Brandenberger*, 111 S.W.3d 32 (Tex. 2003) ("*Holubec I*"), and *Holubec v. Brandenberger*, 214 S.W.3d 650 (Tex. App.—Austin 2006, no pet.) ("*Holubec II*").

within 1,000 feet of the boundary line with the Brandenbergers' property. *See generally Holubec v. Brandenberger*, 111 S.W.3d 32 (Tex. 2003). In addition, the Holubecs were instructed to take affirmative action to remove all feeders, pens, sheds, water troughs, wire fencing, and overhead lights from the ten-acre feedlot area in dispute.

In *Holubec II*, this Court found the language of the trial court's permanent injunction to be overly broad, and we issued instructions to the trial court to reform the injunction:

> consistent with the evidence adduced at trial in a manner that (1) does not enjoin appellants from constructing and operating a feedlot in the northwest corner of their property in an area that the parties did not dispute at trial would constitute an acceptable site, and (2) does not require appellants to take affirmative action that would amount to curtailing pre-November 1996 levels of sheep farming activity on the ten-acre feedlot site.

*Holubec v. Brandenberger*, 214 S.W.3d 650, 659 (Tex. App.—Austin 2006, no pet.).

On remand, the trial court entered an injunction identical to the injunction at issue in *Holubec II*, except that (1) the trial court added the following language:

> Provided, however, that regardless of the 1000 ft. limitation, described above, this injunction shall not enjoin the Defendants from constructing and operating a feedlot in the Northwest corner of Defendants' property in an area that the parties did not dispute at trial would constitute an acceptable site[;]

and (2) the trial court amended its affirmative instructions as to the ten-acre feedlot site to require removal of all feeders, pens, sheds, water troughs, wire fencing, and overhead lights only to the extent that those items did not exist prior to November 1996.

The Holubecs argue that, even with the addition of this limiting language, the permanent injunction remains overly broad and, moreover, that the prohibitory provisions now conflict with the trial court's affirmative instructions. According to the Holubecs, the amended injunction

> require[s] an excessive removal of feeders and pens that prevent[s] the Holubecs from maintaining pre-1996 sheep farming levels, and severely limit[s] the Holubecs' discretion in relocating the feedlot.

In response, the Brandenbergers argue that the injunction is not overly broad but, rather, reflects the trial court's resolution of disputed factual issues, including the dispute as to what pre-November 1996 levels of sheep-farming activities were. Because we find that the injunction, as written, is consistent with the language set out in *Holubec II*, *see id.*, we hold that the injunction is not overly broad.

Contrary to the Brandenbergers' assertions, however, the trial court made no factual determination as to the level of pre-1996 sheep-farming activities conducted on the ten-acre tract. Rather, in its first order, following remand by the Supreme Court in *Holubec I*, the trial court entered a broad injunction prohibiting all sheep-farming activities on certain areas of the Holubecs' land, including areas not at issue in the lawsuit. In the trial court's second order, following remand by this Court in *Holubec II*, although the trial court added language that would purportedly allow pre-November 1996 levels of sheep farming, it made no determination as to what those levels were.

In support of their contention that the amended injunction resolves the disputed factual issues, the Brandenbergers point to:

3

that portion of the trial court's judgment which prohibits the operation of a feedlot and the confinement of animals in what used to be the Brushy Trap in greater numbers than can sustain themselves on the crops and forage produced in such area in the normal growing season [and] does not curtail Appellants' pre-November 1996 levels of sheep farming activity on the 10 acres in question.

According to the Brandenbergers, this prohibition amounted to a finding, in the exercise of the trial court's discretion, that they—the Brandenbergers—were telling the truth in light of conflicting evidence. The Brandenbergers presented evidence that, prior to 1996, the area in question was not used as a feedlot. Rather, it was a brushy patch with mesquite and agarita on which neighbors would occasionally see sheep. The Holubecs presented evidence, through the testimony of David Holubec, that, prior to 1996, they had 27 feeders on the ten-acre site that would accommodate 100 to 120 head of sheep each. The evidence presented, the Brandenbergers contend, created a conflict that the trial court resolved through its prohibition on sheep "in greater numbers than can sustain themselves on the crops and forage produced in such area in the normal growing season."

However, even accepting the Brandenbergers' assertion that the trial court did not find David Holubec's testimony credible and that "[t]he evidence supports a determination that prior to November, 1996, the Brushy Trap was used as pasture land for sheep and was not a feedlot," there is neither evidence nor a finding as to how or in what quantities sheep were kept on the disputed ten-acre area prior to November 1996. Evidence that the ten-acre area was not used as a feedlot or that neighbors only occasionally saw sheep does not support a determination that, prior to 1996, sheep were sustained only on "the crops and forage produced in the normal growing season."

Although we hold that the injunction, as written, is consistent with the language set out in *Holubec II*, *see id.*, we note that the level of pre-November 1996 sheep farming that the

4

Holubecs conducted on the approximately ten-acre tract adjacent to the Brandenbergers' land is an evidentiary issue that has not yet been determined in the first instance by the trial court. Our ruling in this case is with respect to the complaint that the amended injunction is overly broad or self-referentially inconsistent. We express no opinion in this case as to any other aspect of the injunction's enforceability. *See, e.g.*, *Ex parte MacCallum*, 807 S.W.2d 729, 730 (Tex. 1991) (to be enforceable by contempt, the terms of injunction must be clear, specific, and unambiguous, and set out in reasonable detail the duties and obligations imposed); *Ex parte Balsingame*, 748 S.W.2d 444, 446-47 (Tex. 1988) (same); *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 201-02 (Tex. App.—Fort Worth 2005, no pet.) (same).

    Affirmed.

_____

    G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson;
  Concurring Opinion by Justice Henson

Affirmed

Filed: December 31, 2009