**Ex parte William R. HODGES, Relator.**

**No. C–739.**

Supreme Court of Texas.

Dec. 16, 1981.

Johnson & Milligan, Barton T. Westmoreland, Houston, for relator.

Richie & Greenberg, David D. Peden, Jr., Houston, for respondent.

WALLACE, Justice.

Relator, William R. Hodges, (Hodges) brought this original habeas corpus proceeding after the district court held him in contempt and committed him to jail for ten days in addition to ordering him to pay a $300 fine. The question before us is whether the terms of an order appointing receiver are definite and certain enough to be enforced by contempt when Hodges refused to comply with certain requests by the receiver. We order Hodges discharged.

Hodges is President and Chief Operating Officer of Game Peddler, Inc. (Game Peddler). Game Peddler owns and operates several retail stores specializing in electronic games. In his individual capacity, Hodges is personal guarantor of part of Game Peddler's indebtedness. In the underlying action, Game Peddler sued Jimmy Que, one of its secured creditors in the indebtedness which Hodges guarantees, and Que counterclaimed. Following several hearings, which are not pertinent to this cause, the district court appointed a receiver of all of Game Peddler's inventory. The pertinent parts of the order are:

David D. Peden, Jr., is appointed receiver. The receiver may appoint deputy receivers or agents which deputy and agents may be from among the employees of the parties to this litigation.

Receiver is empowered to take possession of all personalty determined preliminarily by the court to be security for debts of Peddler owing to Que . . . .

The receiver is ordered to preserve the property.

The receiver shall, in his discretion, sell items out of the inventory in his possession . . . .

The receiver shall take a physical inventory of the merchandise held under this order, shall ascertain from the parties' records the wholesale direct cost and the proposed retail market price of each item and shall report these compilations to the court . . . .

The order did not direct Game Peddler, or Hodges, or any other officer, or employee of the corporation to do anything whatever.

The receiver, David D. Peden, Jr., filed four separate Motions for Contempt, the fourth of which was heard by the district court and pursuant to said hearing, the Court entered a judgment of contempt finding as follows:

The court further finds that William R. Hodges is guilty of contempt in that he is President and chief operating officer of Game Peddler, Inc., that he had notice of the orders of April 20, and 24, 1981 [the original order appointing receiver and the amended order appointing receiver] appointing and empowering the receiver to act in this cause, that William R. Hodges through his actions and failure to take action, individually and as President and chief operating officer of Game Peddler, Inc. deliberately obstructed and prevented the receiver from discharging his lawful duties contained in said orders, *by refusing to turn over any of the daily receipts and records of the daily receipts of Game Peddler, Inc., on April 30, 1981, and further refusing to permit the taking of a physical inventory of the Game Peddler, Inc.,* at the offices of the Game Peddler, Inc., in Houston, Harris County, Texas, on April 24, 1981. (Emphasis added).

*Ex parte Slavin*, 412 S.W.2d 43 (Tex. 1967), sets out the guidelines to be followed in determining whether a court order is definite and certain enough to support a finding of contempt. The requirements are, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. This Court in *Slavin* quoted with approval the holding of the Court of Criminal Appeals in *Ex parte Duncan*, 42 Tex.Crim. 661, 62 S.W. 758 (1901), wherein the Court stated:

> Where the court seeks to punish either by fine, arrest, or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, but must be in the form of a command, and, when tested by itself, must speak definitely to the meaning and purpose of the court in ordering.

The receiver contends that pursuant to his authority from the court, he made both written and verbal requests upon Hodges to: deliver all receipts from Game Peddler's retail sales to him; to take an inventory of Game Peddler; to deposit all return receipts from the sale of inventory in a designated bank account; to deliver to him the keys to Game Peddler's warehouse; and to introduce various employees of Game Peddler to him.

Receiver contends that these instructions were within his power as a receiver and thus were sufficient in definiteness and clarity to comply with the requirements set forth by this Court in *Slavin, supra.* The effect of this contention would be that any requests or orders issued by the receiver would have the same force and authority as if they were issued by the Court. There simply is no basis in the statute or case law to support that theory. A receiver has only that authority conferred by the Court's order appointing him. The order itself must comply with the statute authorizing such appointment. The statute involved here is Tex.Rev.Civ.Stat.,

art. 2297, which does not empower a receiver to supplement a court order appointing him or to issue an order or orders, as was done in this case, upon which the appointing court can then base an order of contempt. If the court order itself fails to spell out the details of compliance in clear, specific and unambiguous terms as to the acts to be performed and the party to perform them, then the order, or any actions taken by a receiver acting under authority of that order, will not support a contempt. *Ex parte Padron*, 565 S.W.2d 921 (Tex.1978); *Stoner v. Thompson*, 553 S.W.2d 150 (Tex.Civ.App. —Houston [1st Dist.] 1977, writ ref'd n.r.e.). The court order in question did not direct Hodges or Game Peddler to take any action whatever. The order appointing the receiver was thus insufficient as a basis for a finding of contempt as to Hodges.

The receiver further contends that Hodges is subject to contempt powers of the court by obstructing the efforts of a duly appointed receiver in the performance of his duties. The order of contempt found Hodges guilty of deliberately obstructing and preventing the receiver from discharging his duties by refusing to turn over any of the daily receipts and records of the daily receipts of Game Peddler, and refusing to permit the taking of the physical inventory of Game Peddler at the offices of Game Peddler. The Court thus found Hodges guilty of contempt for not performing specific acts which he was not ordered by the court to do. For this reason the finding of contempt must fail.

The relator is discharged from custody.