**Ex parte Murle and Jane
BLASINGAME.**

**No. C-7071.**

Supreme Court of Texas.

April 20, 1988.

Brian H. Clapp, Dixon & Neuville, Granbury, for relators.

Stan Harrell, Pope, Hardwicke, Christie, Harrell & Kelly, Fort Worth, for respondent.

OPINION

CULVER, Justice.

This is an original proceeding for writ of habeas corpus. Murle Blasingame and Jane Blasingame were adjudged in contempt of court, for violation of the terms of a permanent injunction issued on October 20, 1983. By order of this court, relators have been released on bond and are not currently incarcerated. Relators seek relief based on several grounds. For the reasons explained below, the petition for writ of habeas corpus is granted.

In 1983, E.D. Mayes brought suit for injunctive relief against the Blasingames. Mayes alleged that the Blasingames constructed a fence across a public road which impeded access to Mayes' property. The roadway in question began where it intersected a county road, ran along the south-

ern border of the Blasingames' property, and ended at the southwest corner of Mayes' property. On October 20, 1983, by agreed judgment, the Blasingames were enjoined from interfering with the road. The agreed judgment stated, in pertinent part:

It is therefore ordered by the court that the defendants, Murle Blasingame, and wife, Jane Blasingame, and all other persons in concert or participation with them who receive actual notice of this judgment are hereby permanently and perpetually enjoined from obstructing or in any manner interfering with access to, from, over and across the public roadway at any point from its beginning point where it intersects with County Road No. 203 to the point where it terminates at the southwest corner of plaintiff's 193 acre tract of land as described in this final judgment and permanent injunction, and further permanently enjoined from placing any signs upon said roadway indicating or implying that the same is a private roadway. It is further ordered that all costs of this proceeding be taxed against the plaintiff.

The judgment goes on to define the north and south boundary lines of the roadway by reference to fences that were in place at that time. The properties of the parties, the roadway and the fences are shown in a survey plat which was identified in the final judgment. Although the record is not clear, the Blasingames apparently obeyed the court order and removed the obstruction from the road.

Sometime in the next four years, the Blasingames tore down the old barbed wire fence that ran along the southern border of their property and built a new pipe metal fence in its place. The Blasingames also constructed a cattle guard across the roadway near the southwest corner of their property and placed a "no trespassing" sign near the cattle guard on their property. On August 20, 1987, Mayes filed a motion for contempt, alleging that the Blasingames intentionally and contemptuously violated the 1983 injunction. Specifically, Mayes alleged that the Blasingames placed their new fence as much as eight feet fur-

ther south at some points than where the old fence was situated. Mayes complained that the new fence, cattle guard, and no trespassing sign violated the original permanent injunction because they impeded access to, from, over and across the public roadway.

The trial court held the Blasingames in contempt for violation of the injunction of October, 1983. The contempt order stated, in pertinent part:

It is therefore ordered that the defendants, Murle Blasingame and Jane Blasingame, are in contempt of this court in violation of the final judgment entered in this cause on October 20, 1983, and the court orders that the defendants, Murle Blasingame and Jane Blasingame, be remanded to the custody of the sheriff of Hood County, Texas, and thereafter confined in the county jail of Hood County, Texas, for a period of (3) days, and it is further the order of this court that the defendants, Murle Blasingame and Jane Blasingame, be fined the sum of Two Hundred Fifty Dollars ($250.00) and that the same be paid into the registry of the district clerk of Hood County, Texas.

It is further ordered, however, that imposition of this punishment shall be suspended upon the following terms and conditions:

1. That the defendants remove and relocate the "new pipe fence" to a line along the northern boundary of the public roadway as established in the final judgment of this court and as depicted on the survey of Wayne Graham (plaintiff's exhibit number one). Said work is to be completed on or before November 1, 1987.

2. That defendants remove the subject cattle guard and restore the road to its condition immediately prior to the construction of same, and that such work be completed on or before November 1, 1987.

The record reveals that the Blasingames interpreted the above passage in the contempt order as affording them an option to either spend three days in jail and pay a fine or remove the fence and cattle guard.

Under the Blasingame's interpretation, performance of either option would purge them of contempt. The record further reveals that the Blasingames chose to spend three days in jail and pay the fine. They voluntarily surrendered themselves to the custody of the sheriff and served their time on weekends. The fence and cattle guard remained in place. On November 5, 1987, Mayes filed another motion for contempt alleging that the Blasingames remained in contempt for failure to remove the new fence and cattle guard by November 1, 1987. The trial court held another hearing and signed another order of contempt on December 11, 1987, which stated, in pertinent part:

> It is therefore ordered that the defendants Murle Blasingame and Jane Blasingame are found to remain in contempt of this court in violation of the final judgment entered in this cause on October 20, 1983, and the order of contempt entered by this court on September 10, 1987, and the court orders that the defendants Murle Blasingame and Jane Blasingame be remanded to the custody of the sheriff of Hood County, Texas, and thereafter confined in the county jail of Hood County, Texas, for a period of six (6) months, and it is further the order of this court that the defendants, Murle Blasingame and Jane Blasingame, each be fined the sum of Five Hundred Dollars ($500.00), and that the same be paid into the registry of the district court clerk of Hood County, Texas.
>
> It is further ordered that the confinement of the defendants to the county jail of Hood County, Texas, be for a period of six (6) months and thereafter until said defendants purge themselves of such contempt by removing and relocating the "new pipe fence" to align along the northern boundary of the public roadway as said roadway is established in the final judgment of this court dated October 20, 1983, and is accurately and particularly depicted on the survey plat of Wayne Graham dated May 26, 1987, which survey plat was offered into evidence as plaintiff's exhibit number one; and by removing a cattle guard which obstructs the public roadway which roadway was described with particularity in the final judgment of this court and identified in the survey plat of Wayne Graham, and after removing said cattle guard, defendants are ordered to restore the public roadway to its condition immediately prior to the construction of same; and the payment of all costs in this proceeding.

The Blasingames were placed in custody. The first argument set forth in their petition for writ of habeas corpus is that the original 1983 permanent injunction order is ambiguous, vague and uncertain and therefore cannot support the judgments of contempt rendered by the trial court. We agree.

For a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.1967). Interpretation of the provisions of the court order in question should not rest upon implication or conjecture. The allegedly contemptuous acts must be directly contrary to the express terms of the court order. *Ex Parte Hodges*, 625 S.W.2d 304 (Tex.1981). On the other hand, a court order need not be "full of superfluous terms and specifications adequate to counter any flight of fancy a contemner may imagine in order to declare it vague." *Ex Parte McManus*, 589 S.W.2d 790, 793 (Tex.Civ.App.—Dallas 1979, no writ). These general rules of law require us to balance the due process rights of individuals accused of contempt with the power of courts to enforce their orders.

A fair and proper resolution of this case requires that we go back and examine the origin of the 1983 injunctive order. As noted earlier, the Blasingames had constructed a fence of some sort across the road in question. As a result, Mayes was unable to use the road to gain access to his property. The fence was a total obstruction. Mayes sought the injunction in an effort to have the fence removed. The

trial court granted the injunctive relief and further ordered the Blasingames to refrain from "... interfering with access to, from, over and across the public roadway...." The Blasingames removed the obstruction in compliance with the order. The purpose behind the original injunctive order was to eliminate obstructions that would prevent Mayes or anyone else from traveling the full length of the road. The new fence and cattle guard installed by the Blasingames do not interfere with access to, from, over and across the roadway to such a degree that the express terms or spirit of the original injunction were violated. At oral argument, counsel for both parties agreed that the fence and cattle guard do not narrow the traveled portion of the roadway. They also agreed that vehicles of nearly any conceivable size can freely travel the road.

We fully recognize the authority of trial courts to enforce their orders by imposing jail sentences and fines. In this case, however, we are not convinced that the Blasingames engaged in conduct violative of the 1983 injunctive order. We therefore conclude that the original injunction cannot support the order of contempt. Thus, we need not consider the Blasingame's remaining points of error. The contempt order is void. Relators are discharged.