### Ex parte Paula Lucille KRAUS.

### No. 13–93–202–CV.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1993.

William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for intervenor.

Neal Dancer, Corpus Christi, for relator.

Before DORSEY, SEERDEN and FEDERICO G. HINOJOSA, Jr., JJ.

### *OPINION*

DORSEY, Justice.

Paula Lucille Kraus, relator, seeks a petition for writ of habeas corpus for relief from a contempt and commitment order in a child custody matter. We ordered her released on bond pending resolution of the matter on the merits. Relator contends that the order of contempt is void because the order she is adjudged to have violated is vague and ambiguous.

On March 18, 1993, the trial court issued an order for a writ of habeas corpus for Kristen Dees, a child. The order included the following:

IT IS ORDERED that Paula Lucille Krause, a/k/a Linda Krause, immediately, and without delay, shall take all measures necessary and conduct all acts necessary to secure possession of the child, Kristen Dees, and to deliver said child safely into the possession of this Court. IT IS FURTHER ORDERED that upon obtaining possession of the child, Kristen Dees, or upon ascertaining information leading to the whereabouts of Kristen Dees, Paula Lucille Krause, a/k/a Linda Krause, shall assist with the immediate return of the child to the Court.

IT IS FURTHER ORDERED that Paula Lucille Krause, a/k/a Linda Krause, shall appear before this Court on Thursday, March 25, 1993, at 1:30 P.M. and at

that time show cause why the child, Kristen Dees, has not been produced before the Court and, for her failure to assist this Court, why Paula Lucille Krause, a/k/a Linda Krause, should not be held in contempt of this Court for her disobedience of this Court's order.

On March 25, 1993, the trial court found Kraus in contempt. The court, in its contempt and commitment order, found the following:

> In violation of her continuing duties imposed upon her to secure possession of the child, and ascertaining information leading to the whereabouts of the child, and for assistance in securing the immediate return of the child to the court, has failed to comply with and has violated the provisions of the order as follows:
>
> On or about April 11, 1993, Paula Lucille Kraus, a/k/a Linda Kraus, intentionally and knowingly hindered and obstructed possession and the immediate return of the child, Kristen Dees; instead harboring said child in violation of this court's orders for Writ of Habeas Corpus and Attachment. Paula Lucille Kraus, a/k/a Linda Kraus, failed and refused to cooperate with Nueces County Deputy Sheriffs in securing possession of the child and in providing information to the whereabouts of the child Kristen Dees.
>
> .     .     .     .     .
>
> The Court further finds that on the day of this hearing Respondent had knowledge of this Court's orders and had the ability to comply with the prior order of this court, but instead acted contumaciously and in willful disobedience of this Court's order.
>
> .     .     .     .     .

The trial court assessed punishment at 180 days in jail and a $500 fine.

■■■ To be enforceable by contempt, a court order must set out terms for compliance in clear and unambiguous language so that a contemnor knows exactly what duties or obligations are imposed upon him. *Ex Parte Brister*, 801 S.W.2d 833, 834 (Tex.1990) (citing *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.

1967)). The judgment must also clearly order the party to perform the required acts. *Brister*, 801 S.W.2d at 834 (citing *Ex Parte Gorena*, 595 S.W.2d 841, 845 (Tex.1979)). Interpretation of the provisions of the court order in question should not rest upon implication or conjecture. *Ex Parte Blasingame*, 748 S.W.2d 444, 446 (Tex.1988). The court's underlying order, when tested by itself, must speak definitely to the meaning and purpose of the act ordered. *Ex Parte Hodges*, 625 S.W.2d 304, 306 (Tex.1981). The allegedly contemptuous acts must be directly contrary to the express terms of the court order. *Blasingame*, 748 S.W.2d at 446. On the other hand, a court order need not be "full of superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague." *Id.* (citing *Ex Parte McManus*, 589 S.W.2d 790, 793 (Tex.Civ.App.—Dallas 1979)). When the court seeks to punish by fine, arrest, or imprisonment for the disobedience of an order, that order must carry no uncertainty and must not be susceptible of different meanings or constructions. *Slavin*, 412 S.W.2d at 45 (citing *Ex Parte Duncan*, 62 S.W. 758, 760 (Tex.1901)). Rather, the order must be in the form of a command, and, when tested by itself, must speak definitely to the meaning and purpose of the court in ordering the acts. *Id.* These general rules of law require us to balance the due process rights of individuals accused of contempt with the power of courts to enforce their orders. The provisions of the underlying habeas corpus enforced here fail to meet these standards.

A fair and proper resolution of this case requires us to go back and examine the original writ of habeas corpus issued for Kristen Dees. This underlying order commanded Kraus to do several things; 1) to take "all acts necessary to secure possession of the child," 2) to "deliver the child safely into the possession of the court," and 3) upon obtaining possession of the child, or upon ascertaining information leading to the whereabouts of the child, Kraus shall "assist with the immediate return of the child to the court."

The real party in interest responds to the petition by asserting that Kraus has waived her right to habeas corpus relief by failing to provide us with a statement of facts from the contempt hearing. In the absence of a statement of facts from the contempt hearing, the reviewing court must presume that there was evidence to support the contempt judgment. *Ex Parte Linder,* 783 S.W.2d 754, 760 (Tex.App.—Dallas 1990).

We agree that in the absence of a statement of facts from the contempt hearing we presume that evidence exists to support the trial court's findings in its contempt order. However, we disagree with the real party in interest that in this case Kraus waived her right to complain about the contempt finding.

While we take as true the trial court's finding that Kraus had knowledge of the court's prior order and had the ability to comply with it, we conclude that the commands in the prior order requiring Kraus to "conduct all acts necessary to secure possession of the child" and "assist with the immediate return of the child to the Court" are vague and ambiguous. These commands, when tested by themselves, are not specific or unambiguous acts an individual must take to avoid contempt. The contempt order here does not enforce the court's specific requirements in the underlying order, rather, it enforces vague instructions to relator to assist and to aid the court in the return of the child to the court. These are not specific acts by which if Kraus had performed them she would have avoided a contempt judgment.

If one punishment is assessed for multiple acts of contempt, and one of those acts is not punishable by contempt, the entire contempt judgment is void. *Ex Parte Rogers,* 820 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1991) (citing *Ex Parte Jordan,* 787 S.W.2d 367, 368 (Tex.1990) and *Ex Parte Davila,* 718 S.W.2d 281, 282 (Tex.1986)). In the underlying order, Kraus was commanded to perform three acts. Because some of those acts we found to be stated vaguely, not enforceable by contempt, and because the trial court lumped together enforceable and unenforceable obligations assessing one pen-

alty, the whole contempt judgment was tainted and is void.

We grant relator's application for writ of habeas corpus and order her released from the bond previously ordered.