6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00033-CV
______________________________



IN RE:
DANIEL TAYLOR





                                                                                                                                            
                 
Original Habeas Corpus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

          Daniel Taylor, Relator, asks this Court to order him released from custody by writ
of habeas corpus. He is confined under an order of contempt issued by the 71st Judicial
District Court of Harrison County, Texas, and under that order will remain confined for civil
contempt until he purges himself by paying unpaid post-divorce maintenance in the amount
of $16,624.00. The issue as framed by Relator is whether an agreement in his divorce
decree providing contractual alimony for his former spouse is enforceable by contempt.
          An original habeas proceeding is a collateral attack on the contempt judgment. 
Ex parte Dolenz, 893 S.W.2d 677, 679 (Tex. App.—Dallas 1995, orig. proceeding). A
relator bears the burden to show the contempt order is void, not merely voidable, and thus
conclusively show his or her entitlement to the writ. Id. An order is void if beyond the
power of the court to enter it, or if it deprives the relator of liberty without due process of
law. Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).
          The relevant portion of the decree reads as follows:
                     Contractual Maintenance.
The Court finds that under the circumstances presented in this case,
the parties have agreed to contractual maintenance. Accordingly, Daniel
Webster Taylor, Jr. contracts to pay and is ordered to pay as maintenance
the sum of $950.00 per month to Vanoka Taylor, with the first payment being
due on September 26, 2000, and a like amount being due on the 26th day
of each consecutive month thereafter until the earliest of one of the following
events occurs:
1.The expiration of sixty timely payments, or
2.death of Respondent.

          Relator argues that this falls squarely within the authority of In re Dupree, 118
S.W.3d 911 (Tex. App.—Dallas 2003, orig. proceeding), and that he is therefore entitled
to be immediately released from custody. In that case, the Dallas court reviewed a
contractual alimony provision that provided for monthly payments to continue for 121
months. Dupree did not pay, and the court found him in contempt for failing to make
payments and confined him to jail for seventy-two hours and until he paid the alimony,
interest arrearages, and attorney's fees. The Dallas court recognized that the decree
described his obligation as "contractual alimony" and that there was no decretal language
ordering Dupree to make the alimony payments. Thus, the court concluded, Dupree could
not be held in contempt by the court for failing to take an action the court never ordered
him to take. 
          This case is distinguishable on two separate bases. First, the decree speaks of
contractual maintenance rather than alimony, and it clearly contains decretal language by
the trial court ordering Relator to pay a sum certain. Thus, it is not merely an agreement
of the parties, but an order of the court. A court has the authority to enforce its order. See
Ex parte Slavin, 412 S.W.2d 43, 45 (Tex. 1967) (citing Ex parte Duncan, 42 Tex. Crim.
661, 62 S.W. 758, 760 (1901)); Ex parte Kraus, 863 S.W.2d 104, 106 (Tex. App.—Corpus
Christi 1993, orig. proceeding). 
          Second, Tex. Fam. Code Ann. § 8.059 (Vernon Supp. 2004) specifically states that
a court may enforce by contempt the court's maintenance order or an agreement for the
payment of maintenance. 
          After examination of the petition, brief, and record presented to this Court, we
conclude Relator has failed to show he is entitled to the relief sought. See Tex. R. App. P.
52.8.
          We deny the petition. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 9, 2004
Date Decided:         March 10, 2004