02-11-172-CV








 




 
 
 
 
 
 
 
 
 
 
 
  
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

NO. 02-11-00172-CV

 

 


 
 
 IN RE EMILY ASLAM
 
 
  
 
 
 RELATOR
 
 


                                                                                                                             

                                                                                                                             

------------

 

ORIGINAL PROCEEDING

 

------------

 

OPINION

 

------------

          Relator Emily Aslam seeks mandamus relief
against the Honorable Ralph Walton, Judge of the 355th Judicial District Court
of Hood County.  Emily complains of the trial court’s November 10, 2010 “Order
on Motion for Enforcement,” which holds her in contempt for allegedly violating
a provision of the court’s “Agreed Final Decree of Divorce.”  We conditionally
grant the writ of mandamus.

Background Facts

          Through the agreed final decree, Emily and Jamil
Aslam divorced on June 3, 2010.  Emily and Jamil are the parents and joint
managing conservators of one child, Josiah.[1] 
Under the decree, each parent has the right to receive information from the
other parent about the health of Josiah and the right to access Josiah’s
medical records.  Emily must provide health insurance for Josiah, and when
Josiah is with Jamil, Emily must provide any forms necessary for Josiah to be
provided health care.  

          The trial court required Emily and Jamil to,
within thirty days of the decree, “execute . . . all necessary releases
pursuant to the Health Insurance Portability and Accountability Act (HIPAA) . .
. to permit the other conservator to obtain health-care information regarding
[Josiah].”  The trial court also ordered the parents to “designate the other
conservator as a person to whom protected health information regarding [Josiah]
may be disclosed whenever the party executes an authorization . . . pursuant to
. . . HIPAA.”

          On August 26, 2010, Jamil filed a motion for
enforcement of the divorce decree.  In the motion, Jamil alleged that Emily “wholly
failed to execute the necessary HIPAA releases to permit Jamil . . . to
obtain health care information regarding the child as is required by [the
decree].”  [Emphasis added.]  This allegation was labeled “Violation
17.”[2] 
 Jamil asked the trial court to hold Emily in
contempt and possibly confine her.  Emily answered the motion by stating that
she had “completed the actions requested.” 

          The parties appeared for an evidentiary
hearing on Jamil’s motion in September 2010.  Emily testified that she had
executed a proper HIPAA release and had placed it in Josiah’s medical record. 
She said that she had not provided the release to Jamil.  

          Jamil testified that Emily had not
communicated with him with regard to Josiah’s health.[3] 
Jamil said that he had not received a HIPAA release from Emily and that she was
trying to thwart his ability to get information about Josiah, which has been her
pattern. 

          At the end of the hearing, the trial court
found Jamil’s allegation regarding the non-execution of a HIPAA release to be
true, held Emily in contempt, assessed punishment at three days’ confinement,
and suspended imposition of that punishment for thirty days, conditioned on Emily
delivering the HIPAA release to Jamil by 5 p.m. on October 18, 2010.  On
November 10, 2010, the trial court signed an Order on Motion for Enforcement. 
The order contained the same contempt finding and punishment.[4]

          In January 2011, the trial court entered
findings of fact and conclusions of law.  One of the findings states, “[Jamil]
then proceeded with prosecuting Violation 17, alleging [Emily’s] willful
failure to execute HIPAA releases to permit [Jamil] to obtain health
care information as required by the parties’ Decree.  [Emily] testified, in two
separate statements, that she did not provide HIPAA releases as
required.”  [Emphasis added.]  A conclusion of law states, “Upon being asked
about [Emily’s] failure to follow the provisions regarding the HIPAA release,
[Emily] herself admitted that she had failed to follow the orders.  As such,
[Jamil] was successful in proving his claim.”[5]

          On May 16, 2011, Emily filed a petition for
writ of mandamus in this court.   In the petition, she contends, among other
arguments, that Jamil’s motion for enforcement alleged only that she failed to
execute a HIPAA form, not that she failed to deliver one; thus, the motion did
not provide her with notice of why she could have been held in contempt.  She
also argues that she simply did not violate the divorce decree because the
express terms of the decree require her to execute the form, not deliver it,
and interpretation of a contempt order should not rest on implication.  Jamil contends
that the enforcement order is not improper because in reading all of the
language of the divorce decree, Emily knew that she had to deliver the HIPAA
form to him, not just execute it.

The Propriety of the Contempt Order

          Mandamus relief is proper only to correct a
clear abuse of discretion when there is no adequate remedy by appeal.  In re
Columbia Med. Ctr. of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).
 A trial court clearly abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).
 With respect to the resolution of factual issues or matters committed to the
trial court’s discretion, we may not substitute our judgment for that of the
trial court unless the relator establishes that the trial court could
reasonably have reached only one decision and that the trial court’s decision
is arbitrary and unreasonable.  Id. at 839–40.  This burden is a heavy
one.  In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).
 We give deference to a trial court’s factual determinations, but we
review the trial court’s legal determinations de novo.  In re Labatt Food
Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).  A trial
court abuses its discretion if it incorrectly interprets or improperly applies
the law.  In re Dep’t of Family & Protective Servs., 273 S.W.3d 637,
642–43 (Tex. 2009) (orig. proceeding); Walker, 827 S.W.2d at 840.

          Contempt orders are not reviewable by
appeal; therefore, if a trial court abuses its discretion by holding someone in
contempt, there is no adequate remedy by appeal, and the second prong of
mandamus review is satisfied.  In re Office of Attorney Gen. of Tex.,
215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, orig. proceeding).[6] 
In an original proceeding challenging a trial court’s contempt order, the relator
bears the burden of showing that the order is void. See In re Coppock,
277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). An order is void if it
is beyond the power of the court to enter it or if it deprives the relator of
liberty without due process of law.  Id.  “To be enforceable by
contempt, an order must set out the terms of compliance in clear and
unambiguous terms. Moreover, a person cannot be sentenced to confinement unless
the order unequivocally commands that person to perform a duty or obligation.” 
Id. (citation omitted).

          A motion for enforcement must, “in ordinary
and concise language,” identify the provision of the order allegedly violated,
state the manner of the respondent’s alleged noncompliance, and state the
relief requested by the movant.  Tex. Fam. Code Ann. § 157.002 (West 2008).  An
enforcement order must include the language of the provisions of the order for
which enforcement was requested, the acts or omissions that are the subject of
the order, and the manner of the respondent’s noncompliance.  Id. §
157.166 (West 2008).

          The provision of the trial court’s divorce
decree that Jamil cited within Violation 17 of his motion for enforcement
requires Emily to “execute” a HIPAA release “to permit [Jamil] to obtain
health-care information” regarding Josiah.  Emily testified that she executed
the release and placed it in Josiah’s medical record, and Jamil did not present
evidence to the contrary.  The provision quoted above does not unequivocally
require Emily to deliver the HIPAA form to Jamil.  Thus, the trial court’s
finding of fact that Emily did not “provide HIPAA releases as required” is in
error and does not comport with the allegation of Violation 17.[7] 


          As the supreme court has explained,

          For a person to be held in
contempt for disobeying a court decree, the decree must spell out the details
of compliance in clear, specific and unambiguous terms so that such person will
readily know exactly what duties or obligations are imposed upon him.  Interpretation
of the provisions of the court order in question should not rest upon
implication or conjecture.  The allegedly contemptuous acts must be directly
contrary to the express terms of the court order.

Ex parte Blasingame, 748 S.W.2d 444, 446 (Tex. 1988) (orig. proceeding) (citation omitted); see
Ex parte Chambers, 898 S.W.2d 257, 260 (Tex. 1995) (orig. proceeding); see also
Ex parte Jones, 160 Tex. 321, 325, 331 S.W.2d 202, 204 (1960) (orig.
proceeding) (explaining that an order that is subject to a contempt dispute
must be strictly construed).  Emily’s allegedly deficient act—failing to
deliver the HIPAA form to Jamil—is not directly contrary to the part of the trial
court’s order that was quoted within Violation 17, particularly when that
language is given a strict construction.  

          Jamil correctly observes that the divorce
decree requires Emily to execute the HIPAA form for the purpose of permitting
“the other party to obtain health-care information.”  Thus, Jamil argues that
Violation 17 of his motion for enforcement “complain[ed] not merely about the
failure to execute, but that this did not permit [Jamil] to obtain health care
information.”  But Jamil did not present evidence that he had attempted to
obtain records from Josiah’s medical providers but had not been able to do so
because Emily had not executed, deficiently executed, or improperly filed the
HIPAA release.[8] 
He did not show that he tried to get Josiah’s medical records but was unable to
because he did not personally have a copy of the HIPAA release.  It was Jamil’s
burden to prove in the trial court that Emily should be held in contempt.  See
Ex parte McIntyre, 730 S.W.2d 411, 417 (Tex. App.—San Antonio 1987,
orig. proceeding).  He did not meet this burden.  The trial court had no basis
to determine that Emily executed the release in a fashion that prevents Jamil’s
access to Josiah’s health care information.  The trial court therefore also had
no reason to conclude that delivery of the HIPAA release was necessary to
achieve the purpose of the part of the divorce decree quoted in Violation 17.[9]

          We hold that Violation 17 of Jamil’s motion
for enforcement did not give Emily notice of the factual allegation that she
was eventually held in contempt for, and we conclude that the contempt order is
therefore void.[10] 
See Ex parte Brister, 801 S.W.2d 833, 835 (Tex. 1990) (orig. proceeding);
Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding) (“Due
process of law requires that the constructive contemnor be given ‘full and
complete notification’ and a reasonable opportunity to meet the charges by way
of defense or explanation. . . .  A contempt judgment rendered without such
notification is a nullity.”); In re Mann, 162 S.W.3d 429, 432 (Tex. App.—Fort
Worth 2005, orig. proceeding).  We hold therefore that the trial court necessarily
abused its discretion by signing the contempt order.  See Walker,
827 S.W.2d at 839.[11]

Conclusion

          We conditionally grant the writ of mandamus.
 We are confident that the trial court will vacate its November 10, 2010 “Order
on Motion for Enforcement.”  A writ will issue only if it fails to do so.

 

                                                                             TERRIE
LIVINGSTON

                                                                             CHIEF
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DAUPHINOT, J. filed a concurring opinion. 

 

DELIVERED:  July 5, 2011








 



 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF
TEXAS

FORT WORTH

 

NO. 02-11-00172-CV

 

 


 
 
 In re Emily Aslam
 
 
  
 
 
 rELATOR
 
 


 

 

----------

ORIGINAL PROCEEDING

----------

CONCURRING OPINION

----------

I cannot join the dicta and expression of personal
opinion found in the majority’s eleventh footnote; otherwise, I join the
majority opinion.

 

 

LEE ANN
DAUPHINOT

JUSTICE

 

DELIVERED: July 5, 2011

 









[1]Emily,
who serves overseas in the United States Armed Forces, has the exclusive right
to designate Josiah’s primary residence.  





[2]Jamil
also alleged eighteen other violations, but since the trial court denied
Jamil’s motion on each of those allegations, we will not address them.  We will
also not address Emily’s motion for enforcement, which the trial court also
denied. 





[3]Emily
said that she had received one e-mail from Jamil and that she had replied to
the e-mail by informing Jamil about Josiah’s daycare provider.  She also
testified that Jamil has the contact information for Josiah’s doctors because
Jamil “used to live in Okinawa.”  





[4]Thus,
the November 10 order required Emily to deliver the HIPAA release by October
18.  The parties approved the order as to form.  The mandamus record does
not disclose whether the HIPAA document has since been provided by Emily to Jamil. 
The record also does not show whether any consequence came from Emily’s
possible failure to provide the document by October 18.  





[5]During
the hearing, Emily testified that her failure to provide the HIPAA release to
Jamil would be a violation of the divorce decree “[i]f that’s what [the decree]
says.”  





[6]Where
a contemnor is confined, a contempt order may be challenged by a writ of habeas
corpus.  See id.





[7]Other
parts of the divorce decree could be construed to require Emily to send the
HIPAA release to Jamil.  For example, the decree requires Emily to deliver all
“forms necessary for [Josiah] to be provided health care through all facilities
available to the child as a dependent of a United States Armed Forces member.” 
But Violation 17 did not expressly allege that Emily violated this provision or
other similar provisions; thus, Violation 17 did not give Emily notice that she
could be held in contempt for violating those provisions.





[8]Jamil
said that Josiah’s school has refused to give him records because he was
informed that “Emily did not allow that.”  But Jamil did not state the same
with regard to Josiah’s medical providers.  Jamil also testified that Emily has
resisted giving him various requested information about Josiah, but the purpose
of the HIPAA release is to allow Jamil to obtain medical information from third
parties, not from Emily.  





[9]Jamil
argues, “Obviously, [he] would need to receive the HIPAA Form to obtain the
health-care information.”  The record does not contain evidence supporting this
assumption.





[10]Because
we hold that the trial court’s order is void, we need not address Jamil’s
argument that the petition for writ of mandamus was untimely.  Although laches
may preclude the issuance of a writ of mandamus in some circumstances, laches
does not preclude a challenge to a void order.  See In re Choice! Energy,
L.P., 325 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 2010, orig.
proceeding).





[11]We
do not in any way condone Emily’s actions or omissions as found by the trial
court, which do not appear to comport with the spirit of the agreed decree of
divorce, nor to promote the best interest of the child as contemplated by the
decree in which Emily and Jamil are named joint managing conservators.  See Tex.
Fam. Code Ann. § 153.002 (West 2008).