**Opinion issued March 27, 2014**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————————

**NO. 01-13-00067-CV**

———————————————

**JOEL LANDRICK ARD, JR., ARDCO CONSTRUCTION, INC., AND ARD FOUNDATION, Appellants**

**V.**

**RENEE CARRINGTON, Appellee**

———————————————

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-19985**

———————————————

**MEMORANDUM OPINION**

This is an appeal of a turnover order. [1]  The trial court granted Renee

Carrington turnover relief to aid in the enforcement of a final judgment that she

---

[1]     A turnover order is a final, appealable order. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995).

obtained against Joel Landrick Ard, Jr. On appeal, Ard challenges the turnover order in what we construe as two issues. Ard complains that the trial court lacked subject-matter jurisdiction to render either the turnover order or the underlying final judgment, which the turnover order enforces. Ard also assails the underlying judgment by asserting that Carrington did not meet her burden to show that she was entitled to judgment.

We affirm.

## Background

Acting pro se, Rene Carrington filed suit against Joel Landrick Ard, Jr., Ardco Construction, Inc., and Ard Foundation. Asserting a breach-of-contract claim, Carrington alleged that she had loaned money to the three defendants, Ard, Ardco Construction, and Ard Foundation for the startup of a business venture. Carrington claimed that the defendants had agreed to pay her back the loan plus interest. Carrington alleged that the three defendants did not comply with the agreement because they failed to pay back the loan.

Carrington also alleged that she had been either a co-borrower or guarantor on a number of financing agreements, made with third-party lenders, for loans made to purchase a truck and other pieces of equipment acquired for the business venture. Carrington averred that the three defendants, including Ard, as the CEO and president of Ardco Construction and Ard Foundation, had agreed to make the

2

payments to the third-party lenders under the financing agreements. Carrington claimed that, when the defendants failed to make the payments, she, as either co-borrower or guarantor, made the payments to the lenders for the truck and other equipment.

Carrington also sued the three defendants for conversion, asserting that the truck and other heavy equipment for which she made the payments were her "personal property." She claimed that the defendants had possession of the property and had failed to return it to her when she requested.

In her petition, Carrington requested monetary damages for the breach-of-contract claim. She also requested that she be removed as guarantor on the truck loan. Alternatively, she requested that the defendants be ordered to "surrender" the truck to her. With respect to her conversion claim, Carrington requested "the physical return" of the equipment for which she had acted as co-borrower or guarantor. She characterized the equipment as her "personal property." The equipment included a trailer, a tractor, a front loader, and a "rotary/flail cutter."

Carrington filed a motion for summary judgment, asserting that she was entitled to judgment as a matter on her claims against Ard, Ardco Construction, and Ard Foundation. The trial court granted Carrington's motion for summary judgment against the three defendants. On August 24, 2012, the trial court signed a judgment, awarding Carrington $68,378.93 in damages against "Joel Landrick

3

Ard, Jr., Ardco Construction, Inc., and the Ard Foundation, jointly and severally." The trial court further ordered that "Defendants surrender to [Carrington] the truck, trailer, tractor, front loader, and rotary/flail cutter" along with "all keys and title duly endorsed to [Carrington]" for each piece of equipment. The judgment stated that it was final and appealable.

On December 13, 2012, Carrington filed an application for turnover relief. She alleged that the defendants had failed to surrender any of the equipment to her, as ordered in the trial court's August 24, 2012 judgment. She asserted that "[t]the property cannot readily be attached or levied on by ordinary legal process." Carrington requested the trial court to order the defendants "to turn over [the equipment] with all attachments, documents, and records related to that property . . . ."

On January 11, 2013, the trial court signed an order granting Carrington's application for turnover relief. The trial court ordered that "Joel Landrick Ard, Jr., Ardco Construction, Inc., and Ard Foundation, Individually," turnover the equipment, which the defendants had been ordered to surrender in the August 24, 2012 judgment, along with "all attachments, documents, and records related to that property, to the Sheriff of Harris County, Texas."

Ard filed a pro se notice of appeal on his own behalf. Although he is not an attorney, Ard also filed notices of appeal on behalf of the two corporate

4

defendants, Ard Construction and Ard Foundation. Ard later filed a brief, purporting to be on behalf of himself and on behalf of Ardco Construction and Ard Foundation.

In an order, this Court notified the parties that Ard could not represent the two corporations because he is not an attorney. The order also struck the brief filed by Ard on behalf of himself and the two corporations. Ard was informed that he could file a new brief only on his own behalf.

The parties were also informed that the corporations must obtain counsel if they desired to pursue their appeal of the turnover order. The parties were instructed that any attorney retained to represent the corporations must file a notice of appearance with this Court by October 11, 2013.

No notice of appearance was ever filed on behalf of the corporations. As a result, Ardco Construction's and Ard Foundation's appeals were dismissed by interlocutory order for failing to comply with an order of this Court. *See* TEX. R. APP. P. 42.3(c).

On November 12, 2013, Ard filed a new brief, representing himself only. We construe Ard's pro se brief to raise two issues. Ard complains that the final August 24, 2012 judgment and the turnover order are void because the trial court lacked subject-matter jurisdiction to render either the judgment or the order. Ard also challenges the turnover order by assailing the underlying merits of the final

5

judgment, which the turnover order enforces. Ard attacks the final judgment by asserting that Carrington did not show her entitlement to summary judgment as a matter of law.

## Turnover Order

### A.    Standard of Review

We review the granting or denial of a turnover order for an abuse of discretion. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Id.* A trial court has no discretion, however, when determining what the law is, which law governs, or how to apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

### B.    Void Judgments

In what we construe as his first issue, Ard draws attention to the fact that he, a non-attorney, represented Ard Construction and Ard Foundation in the trial court during the litigation and post-judgment phases. Citing this Court's orders informing the parties that the corporations could not be represented on appeal by a non-attorney, Ard implies that the trial court should not have permitted him to represent the corporations during the trial court proceedings. He points to the case law cited in our orders holding that a non-attorney may not appear pro se on behalf of a corporation. *See, e.g., Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79

6

(Tex. App.—Texarkana 2008, pet. denied); *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied).

Ard asserts that his unchecked representation of the corporations resulted in the final judgment and the turnover being void. Ard argues that the trial court lacked subject-matter jurisdiction over the proceedings because it did not follow the tenet that a non-attorney cannot represent a corporation. He asserts that the trial court's lack of subject-matter jurisdiction resulted in the rendition of a void judgment and a void turnover order. Ard further asserts that the judgment and turnover order are void because the trial court deprived the corporations of due process when it did not prohibit Ard's representation of the corporations.

A judgment is void only when the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." [2] *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A judgment that violates a party's right to due process may also be void. *See, e.g., PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274–75 (Tex. 2012) (holding that a judgment is void when there was a complete lack of service in violation of due process); *In re Taylor*, 130 S.W.3d 448, 449 (Tex. App.—Texarkana 2004, orig. proceeding) (recognizing, in original

---

[2] We reiterate that we did not dismiss the appeals of the corporations for lack of jurisdiction. We dismissed the appeals because the corporations failed to comply with an order of this Court, directing them to obtain appellate counsel. *See* TEX. R. APP. P. 42.3(c).

civil habeas corpus proceeding, that an order is void if it deprives person of liberty without due process of law).

Here, Ard has not cited, nor have we found, any authority holding that a trial court loses subject-matter jurisdiction over an action when the court does not require a corporate defendant to hire an attorney to represent the corporation. *Cf. Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (explaining that, when a court acts contrary to a rule, statute, or even a constitutional provision, the judgment generally is not void, but is voidable or erroneous.) Nor is there support for Ard's assertion that the corporations were deprived of due process by his representation. To the contrary, as recognized by our sister court, a corporation that chooses to be represented in court by a non-attorney "does so at its peril." *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Ard's assertions also cannot be reconciled with the Supreme Court of Texas's holding in *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA.*, 937 S.W.2d 455, 456 (Tex. 1996). In *Kunstoplast*, the court acknowledged that "[g]enerally a corporation may be represented only by a licensed attorney," but then held that a non-lawyer's act on behalf of a corporation may be given effect by the court when the act is a "specific ministerial task." *Id.* For example, the Austin Court of Appeals held that a non-attorney's filing of an answer on behalf of a

corporation, though defective, was effective to prevent the trial court from granting default judgment. *Guadalupe Econ. Serv. Corp. v. Dehoyos*, 183 S.W.3d 712, 715–16 (Tex. App.—Austin 2005, no pet.); *see also Kelly v. Hinson,* 387 S.W.3d 906, 912 (Tex. App.—Fort Worth 2012, pet. denied) (concluding that motion to compel arbitration, signed by non-attorney for corporation, was not void ab initio and did not excuse trial court from performing the ministerial duties of setting the motion for hearing and ruling on it); *cf. L'Arte De La Mode, Inc. v. Nieman Marcus Grp*., 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.) (explaining that non-attorney corporate representative could not have objected to evidence, cross-examined witnesses, presented a case, or presented argument to trier of fact because those are not ministerial tasks).

We hold that Ard has failed to show, by his arguments, that the trial court abused its discretion when it granted Carrington's request for turnover relief. We overrule Ard's first issue.

## Challenge to Merits of Summary Judgment

In what we construe as his second issue, Ard assails the underlying August 24, 2012 final judgment, which the turnover order enforces, by averring that Carrington was not entitled to summary judgment because she did not prove all the elements of her claims as a matter of law. In making this argument, Ard is in effect asserting a collateral attack on the final judgment. "A collateral attack seeks

to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *PNS Stores*, 379 S.W.3d at 272. Only a void judgment may be collaterally attacked. *Prostok*, 165 S.W.3d at 346.

As stated, "a judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Prostok*, 165 S.W.3d at 346. Errors other than lack of jurisdiction render the judgment merely voidable or erroneous. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). While a litigant may attack a void judgment directly or collaterally, a voidable judgment may only be attacked directly. *PNS Stores*, 379 S.W.3d at 271.

We recognize that a judgment may be collaterally attacked in an action to enforce the judgment if the judgment is void for lack of jurisdiction. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008); *see also Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) (explaining that party seeking to dissolve writ of garnishment by assailing underlying judgment is waging collateral attack and must show judgment is void). However, Ard's second issue is not premised on the final judgment being void for lack of jurisdiction; rather, Ard is attacking the underlying merits of the final judgment.

10

Even if Ard's non-jurisdictional argument that Carrington did not meet her summary-judgment burden is correct, the final judgment underlying the turnover order would be merely voidable or erroneous; it would not be void. *See Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (distinguishing between a void and voidable act); *see also Kendall v. Kendall*, 340 S.W.3d 483, 503 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (recognizing that all errors other than jurisdictional deficiencies render judgment voidable, which may only be corrected on direct appeal). Ard was required to make such argument attacking the final judgment in a direct proceeding. *See PNS Stores*, 379 S.W.3d at 271. We conclude that Ard has not successfully challenged the turnover order by collaterally attacking the underlying final judgment. *See Ross v. Access Healthsource, Inc.*, No. 08–03–00079–CV, 2003 WL 22870451, at *4 (Tex. App.—El Paso Dec. 4, 2003, pet. denied) (mem. op.) (affirming turnover order after determining that underlying judgment was not void).

No abuse of discretion has been shown with respect to the trial court's rendition of the turnover order. We overrule Ard's second issue.

11

**Conclusion**

We affirm the trial court's turnover order.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.