ACCEPTED
03-15-00464-CV
6735032
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 6:53:58 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00464-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 6:53:58 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

AT AUSTIN, TEXAS

---

VICTORY CHEVAL HOLDINGS, LLC, GARRETT JENNINGS
AND CASTLE CROWN MANAGEMENT, LLC,

Appellants

v

DENNIS ANTOLIK, VICTOR ANTOLIK
and CHEVAL MANOR, INC.,

Appellee

---

**APPELLANTS' RESPONSE TO APPELLEES DENNIS ANTOLIK'S AND
CHEVAL MANOR, INC'S MOTION FOR CONTEMPT
AND REFERRAL TO TRIAL COURT**

---

TO THE HONORABLE COURT OF APPEALS:

Appellants, Victory Cheval Holdings, LLC, Garrett Jennings and Castle Crown Management, LLC, respond to Appellees Dennis Antolik's and Cheval Manor, Inc.'s Motion for Contempt and Referral to Trial Court (the "Motion") as follows:

1.    The Motion should be denied for the following reasons:

(a)    Appellants have not violated the Temporary Injunction (the "Order"); and

(b)    the Order is not sufficiently clear and definite to be enforceable by contempt.

2.    Appellees first complain that Appellants have not established a new Operating Account for the property as required under Section C1 of the Order. At the time the Order was entered, Victory Cheval Holdings, LLC ("VCH") had an account established at Horizon Bank. VCH began depositing into this account all revenue from the property and paying out of this account all expenses associated with the property.

3.    VCH attempted to make Victor Antolik an authorized person on the account but without signature privileges.[1]   Horizon Bank's administrative policies would not accommodate this request. Therefore, VCH is in the process of moving the account to an institution that will allow one of the members of VCH, Victor Antolik, to be an authorized person on the account with full access to the account but without signature privileges.

4.    Appellees apparently contend that the Order requires VCH somehow to pay all of the expenses listed in paragraph C3 regardless of whether there is money in the account. This is clearly erroneous.

5.    Paragraph C3 of the Order simply states that "unless otherwise agreed in writing by Garrett Jennings and Victor Antolik, funds in the Operating Account shall

---

[1]   As stated in Appellants' Motion to Stay Temporary injunction filed herein on July 29, 2015, Appellants interpret the first sentence of Section C5 of the Order to make Mr. Jennings the sole signatory on the Operating Account: "*Garrett Jennings is authorized to make* and shall be responsible for making and keeping an accurate accounting of *all payments outlined in paragraph C3 of this Order from the Operating Account.*" (Emphasis added), Motion to Stay, paragraph D2.

only be used to fund the following", followed by a list of items beginning with Veterinarian DVM Jonathan Cohen. Nothing in the Order requires any of Appellants to furnish the funds to make the payments if they are not available for operations of the property.[2] Funds available from operation of the property are not adequate to pay its expenses, and those funds that are available are being used to pay only authorized expenses.

6. Appellees also complain that Mr. Jennings has not made a capital contribution of $35,000 to repair damage to the polo field as provided in paragraph C6 of the Order. Paragraph C6 does not say to whom the payment is to be made or when. Therefore, it is not something that can be enforced by contempt. See discussion below. Furthermore, C6 conflicts with Section C3(d) of the Order which authorizes payment out of the Operating Account of "up to $6,000 per month for labor and maintenance relating to the polo field." In this regard, Mr. Jennings is in the process of making arrangements to have the polo field repaired prior to the October 2015 event using fees to be paid by the persons promoting the event. Finally, there are questions of equity concerning Appellees' claim that Mr. Jennings should be held in contempt for alleged violation of C6. Setting aside the undisputed fact that it was Dennis Antolik's actions in allowing his horses to roam on the field when it was soaked from the torrential late May rains that caused the damage in the first place, Mr. Antolik continues to allow his horses to roam on the polo field in violation of Section B6 of the Order.

7. Finally, Appellees complain that Appellants have not provided Dennis Antolik with the passwords needed to access Austin Polo Club's Facebook page and

---

[2] When intended that someone in particular was to provide funding for a payment, the order is relatively clear. See, Section C6, where Mr. Jennings is required to make a "capital contribution" to VCH in an amount not to exceed $35,000 to repair damage to the polo field. There is no similar provision regarding the list of expenses that can be paid out of the Operating Account that are listed at C3, subparagraphs a. through j.

3

web site. The Order does not contain any such provision. All it says is that Appellants "shall not use the name 'Austin Polo Club' or limit Dennis Antolik from using it in any way."

8.    The black letter law in Texas is that an order sufficiently clear and definite to be enforceable by contempt must set out the terms of compliance so specifically and unambiguously that the party knows precisely the duties and obligations he must perform. *Ex Parte Hodges*, 625 S.W.2d 304 (Tex. 1981); see also, *Ex Parte Slavin*, 412 S.W.2d 43 (Tex. 1967) (in order for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that a person will readily know what obligations are imposed upon him by the decree). Put another way, the judgment must clearly order the party to perform the required acts. *Ex Parte Brister*, 801 S.W.2d 833, 834 (Tex.1990), citing, *Ex Parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979).

9.    Interpretation of the provisions of the court order in question should not rest upon implication or conjecture. *Ex Parte Blasingame*, 748 S.W.2d 444, 446 (Tex. 1988). The trial court's underlying order, when tested by itself, must speak definitely to the meaning and purpose of the act ordered. *Ex Parte Hodges*, 625 S.W. 2d at 306. It cannot contain uncertainty or susceptibility of more than one construction or meaning. *Ex Parte Glover*, 701 S.W.2d 639, 640 (Tex. 1985).

10.    The provisions of the Order cited by Appellees as grounds for contempt are, as discussed above, clearly not sufficiently clear and definite to be enforceable by contempt. Therefore, therefore those provisions are, as matter of law, unenforceable by contempt.

WHEREFORE, Appellants respectfully pray that the Motion be denied and for general relief.

4

Respectfully submitted,

*/s/ Kemp Gorthey*
Kemp W. Gorthey
State Bar No. 08221275
Kendall L. Bryant
State Bar No. 24058660
THE GORTHEY LAW FIRM
604 West 12th Street
Austin, Texas 78701
Tele: 512/2368007
Fax: 512/4796417
Email: kemp@gortheylaw.com
Email: kendall@gortheylaw.com
ATTORNEY FOR APPELLANTS,
GARRETT JENNINGS and
CASTLE CROWN PROPERTIES
MANAGEMENT, LLC

and

*/s/ Peyton Smith*
PEYTON N. SMITH
Attorney in Charge
State Bar #: 18664350
Brian L. King
State Bar #24055776
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel: 512/474-2449
Fax: 512/474-2622
psmith@reedscardino.com
emoskowitdz@reedscardino.com
ATTORNEY FOR APPELLANT,
VICTORY CHEVAL
HOLDINGS, LLC

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing Appellants' Response to Appellees Dennis Antolik's and Cheval Manor, Inc.'s Motion for Contempt and for Referral to Trial Court has been forwarded to Appellees' attorneys on this __31st__ day of August, 2015, as follows:

Cleveland R. Burke Via Email: cburke@taubesummers.com
Mark Taylor Via Email: MarkT@hts-law.com
Taube Summers Harrison
Taylor Meinzer Brown LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

Donald R. Taylor Via Email: dtaylor@taylordunham.com
Isabelle M. Antongiorgi Via Email: ima@taylordunham.com
Taylor, Dunham & Rodriguez, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701